### 11805. WALKER *v.* THE STATE.

LUKE, J. 1. A conviction may be lawfully had upon a free and voluntary confession, though it be not otherwise corroborated than by proof of the corpus delicti. *Chancey* v. *State,* 141 *Ga.* 54 (5) (80 S. E. 287), and cases cited.

2 When the charge of the court is read in its entirety, there is no error in the excerpt from the instructions upon the burden of proof or upon the reasonable doubt vouchsafed the defendant by the law; nor is there merit in the exception that the judge erred in charging upon the subject of confession.

3. The evidence authorized the conviction of the defendant, and for no reason assigned was it error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED DECEMBER 16, 1920.

Indictment for forgery; from Bibb superior court — Judge Mathews. July 28, 1920.

As to the presumption of innocence, the court charged the jury that it " arises in favor of the defendant at the outset, and that presumption remains with him until his guilt is shown beyond a reasonable doubt. " In the first special ground of the motion

for a new trial this instruction is complained of " for the reason that it does not state the correct rule of law in regard to the burden of proof; " that the burden is upon the State to make out its case beyond a reasonable doubt, and that the court did not so charge. The court charged that " guilt must be shown to a reasonable and moral certainty, and, if any reasonable doubt remains in the mind of the jury as to the guilt of the accused, it is the duty of the jury to give the defendant the benefit of the doubt and acquit him." Other instructions of the same nature were given.

On the ground that " there was no confession proven in the case and therefore it was error for the court to charge on confessions at all, " it is alleged that the court erred in charging that " there is evidence in this case of some confession made by the defendant; that is, evidence which, if you believe it to have been made, you may consider in the light of the law I now give you in charge. " This was followed by instructions in the language of the Penal Code (1910), § 1031, and additional instructions; to the effect that confessions must be received with great caution, and must be corroborated.

On the ground that the evidence did not authorize the giving of such an instruction, it is alleged that the court erred in charging, " Now, you will look to the evidence in this case and determine whether or not it is proven beyond a reasonable doubt that a forgery was committed, that is, the forgeries set out in the indictment, — first, the forgery of the check, that is, the fraudulent alteration of the check, as set out in the indictment, and, in the second place, whether there was a fraudulent alteration and forging of the identification order, which is the second charge. " In the remaining special grounds of the motion for a new trial the same objection was made to instructions as to the form of the verdict.

*John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.