## 26200. MATHIS v. THE STATE.

Decided May 5, 1937.

*H. L. Jackson,* for plaintiff in error.
*H. C. Morgan, solicitor-general,* contra.

GUERRY, J. G. W. Mathis stands convicted of hog-stealing. He prosecutes the present writ of error, assigning error on the overruling of his motion for new trial which contains only the general grounds. The facts as they appeared on the trial, taken most favorably to the State, were substantially as follows: John Grimes, a farmer in Berrien County, owned three certain hogs, among others, a "black and red spotted sow, a black and white spotted gilt, and a sotty barrow," all with his mark, a split and underbit in each ear. These hogs were gentle, and stayed about his house. On or about September 28, the hogs disappeared, and after diligent search for several weeks Grimes found them in a field on the farm of M. S. Brown. The defendant and Coy Mathis, his brother (joint defendant), operated a farm which adjoined that of Grimes. A short time after the disappearance of the hogs Coy Mathis approached Brown and offered to sell him some hogs. The next morning Brown went out to the place operated by the defendant and his brother and purchased the hogs in question, paying Coy Mathis $20 for the three. When Brown arrived and while he was trading with Coy Mathis for the hogs the defendant was out in the yard, but took no part in the sale of the hogs. The defendant and his brother were familiar with the mark used by Grimes on his hogs. After Brown was forced to return the hogs to Grimes, their rightful owner, he settled accounts with Coy Mathis by taking a quantity of corn and some goats. The goats were offered to him by the plaintiff in error. A warrant was later taken for the defendant for larceny. In his search for the defendant to arrest him, the deputy sheriff of the county saw Coy Mathis and advised him of the charge against his brother, and Coy told him that the warrant had been taken for the wrong person, that he (Coy) got the hogs, and that the defendant knew nothing about them. A warrant was then taken for Coy Mathis, and he was arrested. The defendant was arrested later on the same day. Up to this point the facts surrounding the theft of Mr. Grimes's hogs point only a suspicious or presumptive finger at the defendant. However, after both of the defendants were placed in jail, Owen Griner, the sheriff, had a conversation with them, in which they together freely, voluntarily, and with no hope of reward or fear of punishment, admitted that they took the hogs and wished to satisfy the owner and settle the matter. Although

the sheriff was not positive as to which one of the defendants did most of the talking, or whether the defendant or Coy Mathis each separately made this statement, he was positive that in the general conversation between himself and the two defendants the statement was made, "We are guilty." If one of the defendants, speaking for both, confessed their guilt, and the other remained silent and thus acquiesced in this confession, this would amount to a confession by the one thus remaining silent, if the jury saw fit so to accept it. *Holt* v. *State*, 28 *Ga. App.* 758 (113 S. E. 49); *Davis* v. *State*, 114 *Ga.* 104, 109 (39 S. E. 906). This being true, there can be no doubt, under well-established law, that there was sufficient evidence to support the verdict. A confession must be corroborated by other evidence (Code, § 38-420), but a confession may, in the opinion of the jury, be sufficiently corroborated by proof of the corpus delicti. *Davis* v. *State*, 105 *Ga.* 808 (3) (32 S. E. 158); *Allen* v. *State*, 8 *Ga. App.* 90 (68 S. E. 558); *Sneed* v. *State*, 16 *Ga. App.* 351 (2) (85 S. E. 354); *Peterson* v. *State*, 19 *Ga. App.* 144 (91 S. E. 223); *Walker* v. *State*, 26 *Ga. App.* 70 (105 S. E. 717). There can be no doubt that there was sufficient proof of the corpus delicti. Moreover, there were other circumstances tending to corroborate the confession of the defendant. The judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*