## 30473. ESKEW v. THE STATE.

DECIDED MAY 19, 1944.

139

*William L. Hailey, A. S. Skelton,* for plaintiff in error.
*R. Howard Gordon, solicitor-general,* contra.

GARDNER, J. There are two essential facts established by the evidence beyond peradventure: (a) the corpus delicti; and (b) a conspiracy. The only question to be determined is whether the defendant appears in the criminal enterprise as one of the conspirators beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis save that of his guilt. The motion for new trial contains two special grounds assigning error on the court's charge. They are so closely related to and connected with the errors assigned on the general grounds that they will be treated with the general grounds. The first of these special grounds complains because the court submitted to the jury the question of recent possession of stolen property. This is contended as error because the State failed to prove that the chickens recently found in the possession of the accused were those alleged to have been lost by the prosecutor. The second complains because the court charged on the principle of incriminating statements, whereas the evidence did not justify such charge; and further because the evidence did not warrant a charge on such principle and the court expressed an opinion as to what had been proved. See Underhill on Criminal Evidence (4th ed.), pp. 251, 252, wherein that authority states: "Where two or more persons are associated for the same illegal purpose, any act or declaration of one of them in reference to the common object and forming part of the res gestæ may be given in evidence, even where the indictment does not charge a conspiracy . . and testimony as to such statements made after the commission of the crime but in the presence of the accused is competent, unless denied by the accused." When we take into consideration the established facts that the defendant paid one-third of the amount for the transportation of the chickens in question; that he handled the chickens along with Junior Rowland; that he received one-third of the proceeds of the sale of said chickens; and that the effect of his statement was that he denied any such participation; and the further fact that in the conversation between himself and Junior Rowland the statement was made that the chickens which were sold were stolen from a Mr. Hilley, we feel that it is safe to conclude that the chickens described in the indictment and those lost by Mr. Hilley, the prosecutor, were the same chickens sold to Mrs. Parham. This, we think, may be concluded to the exclusion of every other reasonable hypothesis. Notwithstanding the

fact that there were other Hilleys living in the community, there is no evidence that any other Hilley lost any chickens; and notwithstanding the fact that in the conversation between the defendant and Junior Rowland the State did not establish whether it was the defendant or Junior Rowland who made the statement that *they* received the chickens in question from Mr. Hilley, they were both engaged in the conversation, and this conversation having taken place during the enterprise of the conspiracy, it was admissible. Under all the facts and circumstances of this case, including the defendant's statement, his conduct, and the entire evidence, we are satisfied that the court did not err in overruling the motion for new trial for any of the reasons assigned. For a discussion on conspiracy, see *Smith* v. *State,* 47 *Ga. App.* 797 (171 S. E. 578), and cit. For other cases sustaining the affirmance of this case see *Mathis* v. *State,* 55 *Ga. App.* 727, 729 (191 S. E. 272), where it is said: "If one of the defendants, speaking for both, confessed their guilt, and the other remained silent and thus acquiesced in this confession, this would amount to a confession by the one thus remaining silent, if the jury saw fit so to accept it;" also *Jordan* v. *State,* 9 *Ga. App.* 578 (71 S. E. 875); *Holt* v. *State,* 28 *Ga. App.* 758 (113 S. E. 49); *Williams* v. *State,* 139 *Ga.* 591 (77 S. E. 818).

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*