DECIDED JANUARY 8, 1952.

*H. Alonzo Woods*, for plaintiff in error.
*W. H. Lanier, Solicitor-General*, contra.

33730. MOON v. THE STATE.

MACINTYRE, P. J. 1. Anyone who aids or abets another in the commission of a misdemeanor (possessing non-tax-paid whisky) is as guilty as the actual perpetrator of the crime. *McQuire* v. *State*, 82 *Ga. App.* 132 (60 S. E. 2d, 526).

2. The offense of possessing non-tax-paid whisky consists of illegally possessing whisky not bearing the State revenue stamp, and one is guilty of the offense where it is shown that he had either actual or constructive possession, custody, or control of such whisky. *Ralston* v. *State*, 66 *Ga. App.* 62 (17 S. E. 2d, 81); *Roberson* v. *State*, 76 *Ga. App.* 25 (44 S. E. 2d, 924); *Pierce* v. *State*, 73 *Ga. App.* 627 (37 S. E. 2d, 431).

3. " 'A confession is a voluntary statement made by a person charged with the commission of a crime wherein he acknowledges himself to be guilty of the offense charged.' *Owens* v. *State*, 120 *Ga.* 296 (2) (48 S. E. 21). This definition of a confession implies an admission of every essential element necessary to establish the crime wherewith the defendant is charged. Unless the statement of the defendant is broad enough to comprehend every essential element necessary to make out the case against him, it can not be said to be an admission of guilt, a confession. There is a difference between an incriminating statement and a confession of guilt. In an incriminating statement only one or more, but not all, of the facts entering into the criminal act is admitted, while in a confession the entire criminal act is confessed; that is, every essential element necessary to establish the crime with which the defendant is charged is admitted. *Clarke* v. *State*, 165 *Ga.* 326, 331 (140 S. E. 889). 'Incriminating statements to be the equivalent of a confession of guilt must be so comprehensive as to include every act necessary to be proved by the prosecution in order to establish the defendant's guilt. . . An admission of a fact not in itself involving criminal intent is not a confession. The term confession is restricted to acknowledgment of guilt and is not a mere equivalent of words and statements.' *Owens* v. *State*, supra, at page 299. 'An admission of the main fact from which the essential elements of the criminal act may be inferred amounts to an admission of the crime itself' (*Owens* v. *State*, supra), as 'where there is evidence showing that the defendant admitted the homicide of which he is accused, and he states in connection there-

with no facts or circumstances of excuse or justification, or gives reasons which are insufficient to furnish any legal excuse or justification, the statement amounts to a confession of guilt, and authorizes a charge on that subject.' *Pressley* v. *State,* 201 *Ga.* 267, 271 (39 S. E. 2d, 478).'' *Brown* v. *State,* 83 *Ga. App.* 650, 651 (64 S. E. 2d, 313).

4. Where one of two codefendants, though not jointly indicted, speaking for both, confessed their guilt, and the other remained silent and thus acquiesced in this confession, this would amount to a confession by the one thus remaining silent, if the jury saw fit to accept it. *Mathis* v. *State,* 55 *Ga. App.* 727, 728 (191 S. E. 272); *Holt* v. *State,* 28 *Ga. App.* 758 (113 S. E. 49); *Davis* v. *State,* 114 *Ga.* 104, 109 (39 S. E. 906).

5. " 'A confession alone, uncorroborated by any other evidence, shall not justify a conviction.' Code, § 38-420. However, 'a conviction may be lawfully had upon a free and voluntary confession though the same be not otherwise corroborated than by proof of the corpus delicti.' *Wimberly* v. *State,* 105 *Ga.* 188 (1) (31 S. E. 162).'' *Grimes* v. *State,* 79 *Ga. App.* 489, 490 (54 S. E. 2d, 302).

6. Under an application of the foregoing rules of law, where it appears from the evidence that one of the two codefendants, charged with the possession of non-tax-paid whisky, in the conscious presence of the other, stated to one of the arresting officers after the automobile in which the defendants were riding had been wrecked and the non-tax-paid whisky found therein, that he and the other defendant were "setting the whisky off [the car?]" at the time the police appeared and they had slammed the door of the car and taken the flight which ended in the automobile being wrecked, this statement amounted to an admission of the possession, custody, and control of the illegal whisky by both defendants, and possession, custody, or control of illegal whisky being the gist of the whole offense, the statement constituted a confession, and the present defendant's acquiescence in the confession of the other codefendant amounted to a confession upon his part, and the corpus delicti having been established the evidence was sufficient to authorize the conviction of the present defendant for possession of non-tax-paid whisky.

7. From what has been held in the foregoing divisions of this opinion, it follows that the trial court did not err in charging upon the law of confessions in the following language: "In this case the State is offering an alleged confession in the nature of a statement which was made by one of the codefendants, not jointly indicted, but by one Eberhart, in the presence of the defendant. Our law is this: If one of the defendants speaking for both, confess their guilt and the other remain silent, and thus acquiesce in this confession, this would amount to a confession by the one thus remaining silent if the jury saw fit to accept it. If you believe that Eugene Eberhart made a confession in which this defendant was involved, a confession involving him, and this defendant remained silent, you may treat it as a confession and if you do believe that it was made and you accept it, then you will apply the following rules of law to the confession, etc." for any reason assigned, in the single special ground of the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

DECIDED JANUARY 8, 1952.

*James W. Arnold*, for plaintiff in error.

*D. M. Pollock, Solicitor-General*, contra.