### 34610. EBERHART *v.* THE STATE.

GARDNER, P. J. (a) The defendant was indicted and convicted of possessing non-tax-paid whisky. He filed a motion for new trial on the general grounds and thereafter added one special ground. This motion was overruled, and the case is here for review on that judgment.

(b) The evidence, briefly but substantially, shows that three officers, Walter Griffith, an investigator for the United States Tax Unit, E. E. Hardy, of the Athens Police Department, and John H. Williams, Clarke County policeman, parked their car "in a back yard . . . near the store" where the whisky was found (this store did not belong to the defendant, but belonged to a relative of his). It was about dark when the officers arrived, but they could distinguish objects. Two of the officers concealed themselves nearer the grocery store than where the car was parked. Shortly thereafter, a Black and White cab came by in front of the store, hesitated a moment, then continued around to the side of the store, off the street, where it stopped. The light on the cab was extinguished. After hearing a noise similar to glass jars rattling, the officers nearest by ran to the point where the cab was parked. They saw three persons around the cab. One of them was standing over a package containing six jars of non-tax-paid whisky. This person, on discovering the officers, ran. Officer Griffith pursued and caught him, and returned him to the location where the cab was parked. He proved to be the defendant. Upon searching the cab, the officers found therein 2 1/2 cases of non-tax-paid whisky just like that in the box which the defendant was stooping over when he ran. The cab driver, Leroy Walker, was seated in the car when the defendant was returned

502

there by Officer Griffith. One of the other officers arrested the cab driver. In the presence of the defendant, Leroy Walker denied knowing that the packages in the car and the one over which the defendant was stooping contained whisky. The cab driver stated to the officer in the presence of the defendant that the defendant and one Walter Calloway, Jr., hired the cab driver in the "Esquire Grill" to go over to the store and pick up some packages, and that he stopped the cab near the store and turned off his lights. While this statement was being made by the cab driver the defendant "broke in the conversation and said Calloway was not with him." The cab driver further stated that, when he turned off his lights, the defendant told him to drive around to the side of the store and stop in the dark. The defendant did not deny any of the statements which the cab driver made in the presence of the officers except that Calloway was not with him at the time of the conversation in the grill. One of the officers who chased those from the cab stated that in his judgment the one he pursued and did not catch was Calloway, but that he would not swear to this identification positively.

(c) Although the defendant denied his guilt on the trial, the jury did not see fit to believe him, as was within their province, from all the facts in this case. Therefore, so far as the general grounds are concerned, the exceptions are without merit.

(d) The one special ground complains because the court charged: "It is insisted by the State in this case that certain statements were made in the presence and in the hearing of the defendant as to who committed the offense, and how it was done, and that the defendant failed to make any answer or denial under conditions that required an answer or denial. On that the court charges you that acquiescence or silence when the circumstances require an answer or denial, or other conduct, may amount to an admission. It is further for the jury to say whether or not the statements were made in the presence or hearing of the defendant, and whether or not the circumstances were such as to require an answer or denial by him. If you find that they were made in his presence and hearing and the circumstances were such that an answer or denial were required, and that he made none, then you would be authorized to treat such statement as an admission." This special ground complains that the evidence on which the court based this charge was the testimony of Officer Griffith as to the statement of the cab driver in the presence of the defendant. It is contended that the defendant in his statement not only denied any knowledge of the whisky, but explained as to why he was at the store, and that furthermore he introduced his sister-in-law, who owned the store and was therein at the time, and who testified that the defendant's wife was also in the store and that his wife (meaning the defendant's wife) had called for the defendant to come to the store and get her. She further testified that, when the defendant got to the store, he then went some distance back of the store to the toilet. It is contended: (1) that this charge was error because it unduly stressed the contentions of the State and not the contentions of the defendant as to why he was therein; and (2) that it was the duty of the court to explain to the jury the con-

tentions of the defendant as to why he was at the store; and (3) that it was the duty of the court to specifically charge the contentions of the defendant, and the failure to do so tended to prejudice the jury against the defendant's cause, and in effect withdrew from the jury a fair and impartial consideration of his defense, was harmful, and requires a new trial.

There is no other exception to the charge. The charge was fair and full as to the presumption of innocence, the law applicable to the accusation in the indictment, and as to direct and circumstantial evidence, flight, the credibility of witnesses, the defendant's statement, reasonable doubt, and positive and circumstantial evidence. The defendant cites no controlling authority of law as to why the excerpt from the charge excepted to requires a reversal. There is ample authority to sustain the court's charge as to the acquiescence of the defendant regarding the statements which were made by the cab driver to the officers in the defendant's presence. The court correctly charged the law on this issue. See *Mathis* v. *State*, 55 *Ga. App.* 727 (191 S. E. 272); *Holt* v. *State*, 28 *Ga. App.* 758 (113 S. E. 49); *Davis* v. *State*, 114·*Ga.* 104 (39 S. E. 906); *Moon* v. *State*, 85 *Ga. App.* 212 (68 S. E. 2d 617). There is no merit in this special ground.

The court did not err in denying the motion for new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*
DECIDED JUNE 10, 1953—REHEARING DENIED JULY 7, 1953.

*Jas. W. Arnold*, for plaintiff in error.
*D. M. Pollock, Solicitor-General*, contra.