## 35131. CARTER v. THE STATE.

CARLISLE, J. 1. Where, in a bill of exceptions, tendered to the trial judge on February 17, 1954, assigning error on a final judgment denying a motion for new trial, it is recited that on October 28, 1953, the trial court overruled certain general demurrers to a special presentment, to which ruling an oral exception was taken, and error is assigned in such final bill of exceptions on such oral exception to the overruling of the general demurrers, no question of the validity of the judgment overruling the demurrers is presented for decision by this court. At the time the ruling excepted to was made, it was necessary, in order to preserve the exceptions, to tender to the trial judge exceptions pendente lite to the ruling, within twenty days from the date of the ruling, and have them certified as true and ordered filed. Code (Ann Supp.) § 6-905. The defendant's failure to comply with this requirement, existing at the time, constituted a waiver of his right to have the judgment complained of reviewed. The act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 453)—which, by its own terms, became effective January 1, 1954, and provides that "exceptions pendente lite are hereby abolished, and it shall not be necessary to prepare, have certified and allowed, or file exceptions pending trial in order to assign as error on appeal a court's decision, ruling, sentence or decree, but all exceptions to any antecedent ruling, judgment, sentence or decree may be made in the final bill of exceptions complaining of a final judgment, irrespective of the time elapsing between the date of the ruling complained of and the presentation of the final bill of exceptions"—did not have the effect of reviving the right of review which was waived prior to the effective date of the statute, and this is so notwithstanding this same act provides that "this act shall apply to causes pending in the trial court at the time of its approval, and all causes subsequently filed."

2. (a) " 'A confession is a voluntary statement made by a person charged with the commission of a crime wherein he acknowledges himself to be guilty of the offense charged.' *Owens* v. *State,* 120 *Ga.* 296 (2) (48 S. E. 21). This definition of a confession implies an admission of every essential element necessary to establish the crime wherewith the defendant is charged. Unless the statement of the defendant is broad enough to comprehend every essential element necessary to make out the case against him, it can not be said to be an admission of guilt, a confession. There is a difference between an incriminating statement and a confession of guilt. In an incriminating statement only one or more, but not all, of the facts entering into the criminal act is admitted, while in a confession the entire criminal act is confessed; that is, every essential element necessary to establish the crime with which the defendant is charged is admitted. *Clarke* v. *State,* 165 *Ga.* 326, 331 (140 S. E. 889). 'Incriminating statements to be the equivalent of a confession of guilt must be so comprehensive as to include every act necessary to be proved by the prosecution in order to establish the defendant's guilt. . . An admission of a fact not in itself involving criminal intent is not a confession. The term confession is restricted to acknowledgment of guilt and is not a mere equivalent of words and

statements.' *Owens* v. *State,* supra, at page 299." *Brown* v. *State,* 83 *Ga. App.* 650, 651 (64 S. E. 2d 313).

(*b*) "Where the evidence fails to show a confession of guilt by the accused, it is error to charge on the law of confessions." *Thomas* v. *State,* 143 *Ga.* 268 (84 S. E. 587); *Lee* v. *State,* 81 *Ga. App.* 63 (57 S. E. 2d 710).

(*c*) Under an application of the foregoing principles of law to the facts of this case, there was no evidence authorizing the court's charge on the law relating to confessions. The defendant in his statement to the jury admitted that he went to his brother's rescue in his fight with Vernon McDaniel when he thought that McDaniel had a knife, but he denied that he had hurt McDaniel or had had any intention of doing so. The only witness testifying to admissions made by the defendant which even remotely resemble a confession was the sheriff of the county, who testified that he was present at the preliminary hearing in the case; that the defendant made a statement on that hearing and, as near as he could remember, "his statement was short, said he was there with his brother, and that this fight started and said Vernon McDaniel was down on his brother with a knife and was attempting to cut him, and that he ran and pulled him off *and he booted him.* He didn't go into any details, but he did make the statement on the hearing that *he booted Vernon McDaniel."* To boot another, in the sense in which it is used in the special presentment, means simply to kick another, and does not carry with it any connotation that the person booted has been kicked at any special point on his anatomy, nor does it carry necessarily any connotation that the one booting the other kicks him maliciously with the intention of castrating him or with the intention of injuring, wounding, or disfiguring his private parts. Therefore, when the defendant admitted booting McDaniel, he did not admit every essential element of the crime with which he was charged, so as to constitute his admission a plenary confession. Consequently, the trial court erred in charging the jury the law relating to confessions, and a new trial must be granted.

(*d*) The decision which has been reached in this case in no way conflicts with the cases relied upon by the State to show that the charge on confessions was proper. Both *Lucas* v. *State,* 146 *Ga.* 315 (91 S. E. 72), and *Jones* v. *State,* 130 *Ga.* 274 (60 S. E. 840), involved trials for murder, and the admission by the defendants in those cases of the intentional killings, in the absence of mitigating circumstances, constituted a confession, as the law under those circumstances declares the homicide to be felonious and done with malice. In murder cases the State need show only the intentional killing of a human being, and the remaining essential elements will be presumed (*Webb* v. *State,* 140 *Ga.* 779, 79 S. E. 1126); but this is not so with other crimes.

3. The other errors assigned, which are unlikely to recur on another trial, are not considered, as the case must be remanded for a new trial.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED APRIL 12, 1954.

*Ronald F. Adams,* for plaintiff in error.
*W. Glenn Thomas, Solicitor-General,* contra.