CARROLL, Judge.
On May 14, 1963, the Florida Board of Pharmacy, created and operating under chapter 465, Fla.Stat., F.S.A., issued a complaint against the appellant, a licensed pharmacist, charging him with dispensing certain drugs in violation of requirements of the Florida food, drug and cosmetic law, chapter 500, Fla.Stat., F.S.A. He pleaded guilty thereto. An order was entered by *525 the Board adjudging him guilty of dispensing drugs without prescription contrary to § 500.15(11) (a), Fla.Stat., F.S.A., and in misbranding drugs in violation of § 500.04 (1). The Board’s order thereupon suspended appellant’s license to practice pharmacy for one year. The circuit court denied certiorari, and the pharmacist appealed.
The two charges involved here (sale of drugs without prescription, and misbrand-ing) related to requirements of the Florida food, drug and cosmetic law, the administration and enforcement of which was placed in the Department of Agriculture by § 500.44(1) and (2). Those alleged violations of that law were made misdemeanors by § 500.24, Fla.Stat., F.S.A.
The appellant argues that the Pharmacy Board did not have power or jurisdiction to try and determine violations of requirements of the food, drug and cosmetic law. Compare Stadnik v. Shell’s City, Inc., Fla.1962, 140 So.2d 871. The question which that argument presents need not be decided in this case, because in response to the complaint against him by the Pharmacy Board the appellant judicially admitted the alleged violations of requirements of chapter 500, Fla.Stat., F.S.A. Such admissions relieved the Board of the need to prove his guilt thereof. A material fact which is judicially admitted is established beyond the need for proof. Thus under chapter 465, Fla.Stat., F.S.A., the Pharmacy Board was entitled to take the action it did against the defendant for his judicially admitted violations of requirements of the Florida food, drug and cosmetic law. See Hill v. Federal Trade Commission, 5 Cir. 1941, 124 F.2d 104, 106; Thornburg v. United States, 10 Cir. 1947, 164 F.2d 37, 39; Moon v. State, 85 Ga.App. 212, 68 S.E.2d 617; Carter v. State, 90 Ga.App. 61, 81 S.E.2d 868; 20 Am.Jur., Evidence § 557; 31A C.J.S. Evidence § 381, pp. 920-921; 9 Wigmore, Evidence §§ 2588, 2590 (3d. ed.).
In the circumstances presented the circuit judge was eminently correct in denying certiorari and the judgment appealed from is affirmed.