47464. ADDISON v. THE STATE.
47465. RAMSEY v. THE STATE.

EBERHARDT, Presiding Judge. Ramsey and Addison were jointly indicted, tried and convicted of the offense of attempted burglary and they appeal from the judgments of guilty and sentence. *Held:*

1. The general grounds are without merit. The evidence amply justifies the verdicts returned.

2. Denial of a motion for directed verdicts of acquittal was proper.

3. The case does not rest wholly upon circumstantial evidence, and in its totality the evidence was sufficient to authorize verdicts of guilty. Admissions by the defendants were direct proof, whether shown by testimony of

witnesses or appearing in their unsworn statements. *Barbour v. State,* 66 Ga. App. 498, 499 (18 SE2d 40). It appears that Mr. Hammond, owner of the store, lived nearby and had installed in the store a burglar alarm system which, when triggered by a tampering with the doors, windows, etc., set off an alarm in his home. At about 3 a.m. on December 12, 1971, the alarm went off and Mr. Hammond, taking his rifle along, approached the store from the rear and in the shadows. He saw movement in the shrubbery near the store, called out to whoever was there to come out with hands up, and one of the defendants came out. A little later further movement in the shrubbery appeared and the other defendant was flushed out. Mrs. Hammond called the sheriff's office and Mr. Hammond held the defendants at bay with his gun until the deputy sheriff arrived to take over. Mr. Hammond found that the front door of the store had been "jimmied" and opened about an inch which was enough to set off the alarm. He asked the defendants together whether they had used a tire tool or a jack handle in trying to open the door. One of them answered "Yes" and the other remained silent. He then asked where the tire tool was and one of them told him where it was, and upon looking at the location indicated (top of a pumphouse adjoining the store) he found it. This admission was binding upon both defendants if the jury saw fit to accept it. *Davis v. State,* 114 Ga. 104, 107 (39 SE 906); *Holt v. State,* 28 Ga. App. 758 (113 SE 49); *Mathis v. State,* 55 Ga. App. 727 (191 SE 272); *Eskew v. State,* 71 Ga. App. 138 (30 SE2d 346); *Moon v. State,* 85 Ga. App. 212 (4) (68 SE2d 617); *Griffie v. State,* 107 Ga. App. 356 (2) (130 SE2d 149). It is to be noted, too, that this evidence was admitted without objection from either defendant. There were marks on the door. It had been similarly tampered with before. There was nothing missing from the store and apparently it had not been entered. The defendants denied any attempt to enter the store, asserted that they had been out riding around,

drinking at some night clubs, practice shooting at a trash pile, and were looking for a telephone for making some calls.

4. Cartridges found in the pocket of Addison, a gun found on the scene (which Addison admitted owning), gloves which one defendant had in his hands when apprehended near the scene, were admitted over objection that there was a lack of identification of the items as being the ones found at the scene and of connection of them with the defendants. There was positive evidence from the deputy sheriff who made the arrest at the scene of the occurrence that he had taken the cartridges from the pocket of Addison when he was searched in connection with the arrest. Addison admitted in his unsworn statement that the pistol found on the ledge at the store was his. In his unsworn statement Ramsey confirmed all that Addison had said. Mr. Hammond, the store owner, testified that one of the defendants dropped the gloves to the ground as he held a gun on them. There was no error in admitting these items. *Wilson v. State,* 215 Ga. 782 (2) (113 SE2d 447).

5. Error is enumerated on the failure of the court to charge that "If the jury finds that the hypothesis of the defendants' innocence is as reasonable as that of their guilt, the defendants should be acquitted." There was no request for such a charge, and the case was not wholly dependent upon circumstantial evidence. We find no error. *Bryant v. State,* 229 Ga. 60 (1) (189 SE2d 435); *Nobles v. State,* 127 Ga. 212 (5) (56 SE 125).

*Judgments affirmed. Deen and Clark, JJ., concur.*
ARGUED SEPTEMBER 14, 1972—DECIDED SEPTEMBER 22, 1972.

*Fierer & Devine, Robert G. Fierer, Wayne L. Cardon,* for appellants.

*Richard Bell, District Attorney, M. Randall Peek,* for appellee.