## A03A2114. DUDLEY v. THE STATE.

(592 SE2d 489)

BARNES, Judge.

Ricky Dudley appeals his convictions for disorderly conduct and obstruction of a police officer, contending that the evidence against him was insufficient. He further contends that the trial court erred in charging the jury on the entire disorderly conduct statute and that a fatal variance exists between the indictment and the evidence. Because insufficient evidence supports the disorderly conduct charge, we reverse that conviction, but affirm the obstruction conviction.

1. We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997).

Viewed in that light, the evidence at trial established that Dudley was involved in a rear-end collision on a busy road. When the first officer arrived, Dudley was very agitated and disagreed with the statements of a witness and the other driver regarding how the collision occurred. He could not produce a driver's license. Dudley's mother arrived at the scene and was very agitated, making Dudley even more agitated, so the officer told her Dudley was not injured and asked her to return to her car until he completed his investigation. She eventually complied, but Dudley was still arguing, agitated, and using a great deal of profanity. He was evasive about his date of birth and address, which the officer was trying to confirm because Dudley had no license, so he asked a second officer to stand with Dudley while he checked with Dudley's mother.

Dudley kept walking away from the second officer, saying he did not have to cooperate. He was loud, cursing, and angry. He ignored the officer's first two requests to stay put; then on the third request he stopped walking away, but he continued to curse. When the officer asked him to watch his mouth, he replied, "I'm tired of y'all's bulls—t, you don't f—ing scare me." By that time a crowd of about ten to fifteen people were standing around, and the two cars were still blocking the busy roadway. The officer told Dudley that if he used one more curse word, he was going to jail; Dudley looked straight at him and said, "F—k." The officer then told him he was under arrest and directed him to put his hands behind his back. Dudley refused, and when the officer grabbed his left hand, Dudley jerked away and punched the officer in the ear. The first officer ran up and told Dudley to put his hands behind his back or the officer would use his pepper spray, and Dudley complied.

(a) Dudley was indicted for disorderly conduct by acting in a violent or tumultuous manner, by continuing to use profane language after being told to stop, and by placing the officer in reasonable fear of his life, limb, or health. He argues on appeal that he was arrested merely for saying an obscene word, which does not constitute disorderly conduct.

OCGA § 16-11-39 (a) (1) provides that "[a] person commits the offense of disorderly conduct when such person . . . [a]cts in a violent or tumultuous manner toward another person whereby such person is placed in reasonable fear of the safety of such person's life, limb, or health." The State presented no evidence that Dudley acted in a violent or tumultuous manner which made the officer fear for his safety. While the officer testified that he arrested Dudley for failing to obey his instructions, the instruction that Dudley failed to obey was not to curse. He had already obeyed the officer's instruction not to walk away. Pretermitting whether the evidence would be sufficient to convict Dudley under OCGA § 16-11-39 (c) (but see *Woodward v. Gray*, 241 Ga. App. 847, 850-851 (b) (527 SE2d 595) (2000)), Dudley was not indicted under subsection (c) for using "fighting words," that is, words "by which their very utterance tend to incite an immediate breach of the peace." *Davenport v. State*, 184 Ga. App. 214 (361 SE2d 219) (1987). He was indicted for making the officer fear for his safety by acting violently, and no evidence supports his conviction on that ground. Therefore, we reverse the disorderly conduct conviction.

(b) Dudley was also indicted for obstructing an officer by refusing to obey the officer's lawful commands and by striking him in the face. He argues that, since his arrest for saying a curse word was unlawful, he cannot be convicted of obstructing the officer because one cannot be convicted of obstruction unless the officer is discharging his lawful duty, and "[a] police officer is not discharging his lawful duty when he arrests an individual without reasonable or probable cause." (Citations and punctuation omitted.) *Wynn v. State*, 236 Ga. App. 98, 99 (2) (511 SE2d 201) (1999).

In resisting an unlawful arrest, however, one is only justified in using "such force as is reasonably necessary to prevent the arrest, i.e., force proportionate to the force being used in the unlawful detention. Thus, an arrestee is never justified in assaulting an arresting officer unless the officer has assaulted him first." (Citations and punctuation omitted.) *Sosebee v. State*, 169 Ga. App. 370 (1) (312 SE2d 853) (1983). In this case, no evidence showed that the arresting officer assaulted Dudley first. The fact that Dudley struck the officer was sufficient to present a jury question on the obstruction charge. *Johnson v. State*, 234 Ga. App. 218, 219-220 (3) (507 SE2d 13) (1998). We conclude that the evidence was sufficient for a rational trier of fact to find Dudley guilty beyond a reasonable doubt of obstruction of

an officer. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Dudley contends that the trial court erred in reading the entire disorderly conduct statute, not just that portion under which he was indicted. While the argument is moot because we are reversing the conviction for lack of evidence, we note that the trial court erred. "It is axiomatic that, in criminal prosecutions, the court's instructions must be tailored to fit the charge in the indictment and the evidence adduced at trial. This is particularly true when the offense charged may be committed in one of several ways, but the indictment charges one specific method." (Citation and punctuation omitted.) *Talton v. State*, 254 Ga. App. 111, 112 (1) (561 SE2d 139) (2002).

> Accordingly, the instructions were erroneous as a matter of law, and because the defendant was indicted by the grand jury for [being disorderly by acting in a violent manner and placing another person in fear of his safety] but instructions by the court permitted the defendant to be convicted on proof of [being disorderly by uttering "fighting words"], there is a fatal variance of proof from the indictment returned by the grand jury.

*Walker v. State*, 146 Ga. App. 237, 244 (2) (246 SE2d 206) (1978).

3. Finally, Dudley's contention that his disorderly conduct conviction must be reversed because of a fatal variance between the indictment and the evidence is also moot, for the reasons addressed in Divisions 1 and 2.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Adams, J., concur.*

DECIDED DECEMBER 18, 2003.

*Richard A. Waller, Jr.*, for appellant.

*Kelly R. Burke, District Attorney, Amy E. Smith, Assistant District Attorney*, for appellee.