## A05A1855. PINKSTON v. THE STATE.

(626 SE2d 626)

BARNES, Judge.

Following a bench trial, Pedrick Pinkston was found guilty of two counts of felony obstruction of an officer and simple battery. He appeals his conviction contending that the evidence was insufficient and that he received ineffective assistance of counsel. Upon review, we affirm the judgment of conviction, but remand this case for a hearing on Pinkston's ineffective assistance claim.

1. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and Pinkston no longer enjoys the presumption of innocence. *Dudley v. State*, 264 Ga. App. 845 (1) (592 SE2d 489) (2003). We will not weigh the evidence nor resolve issues of witness credibility, but only determine if the evidence was sufficient to find Pinkston guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that on November 2, 2003, two Thomson City police officers responded to a domestic disturbance call. The first officer was talking with the victim when the second officer arrived. Pinkston approached the second officer and asked if he was going to jail. The officer said that he had to investigate before making a determination. Pinkston then said, "if I'm going to jail, I'm going to jail," and "balled his fist and punched [the victim] in the right eye." The officer grabbed Pinkston, and as he cuffed him, Pinkston struck the officer in the head with his fist. As Pinkston continued to resist the officer who was attempting to arrest him, the other officer came over to assist, and during the continuing struggle Pinkston struck him in the face with an elbow.

Pinkston only argues on appeal that "no rational trier of fact could have found proof beyond a reasonable doubt." He puts forth no argument as to why the evidence as presented was insufficient; merely that it was, and that the trial court had an obligation to find him not guilty and failed to do so. However, at trial Pinkston argued that he never intended to strike the officers and was unaware that he had done so.

Under OCGA § 16-10-24 (b), "[w]hoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of [the law enforcement] officer" is guilty of felony obstruction of an officer. While the trier of fact could have concluded that Pinkston struck the officers by accident, the evidence was sufficient to allow the factfinder to conclude that as Pinkston was being arrested for a battery witnessed by both officers, he intentionally struck one officer with his balled fist, and struck the other officer with his elbow as he continued to resist arrest. Accordingly, we find that

the evidence was sufficient for a rational trier of fact to find Pinkston guilty beyond a reasonable doubt of the crimes of felony obstruction of a law enforcement officer and simple battery.

2. Pinkston also contends that he received ineffective assistance of trial counsel. Pinkston maintains — and the State concedes — that this appeal is his first opportunity to raise an ineffectiveness claim. " 'Generally, when the appeal presents the first opportunity to raise an ineffective assistance claim, we remand the case to the trial court for an evidentiary hearing on the issue.' " (Footnote omitted.) *Wiley v. State*, 250 Ga. App. 731, 735 (3) (552 SE2d 906) (2001). Moreover, after reviewing the arguments urged in Pinkston's brief, including that counsel did not sufficiently consult with him prior to trial, did not present an available defense, and did not adequately investigate the facts and law or prepare for trial, we find that Pinkston's ineffective assistance claim is not one that can be decided as a matter of law on the existing record. See *Mallon v. State*, 253 Ga. App. 51, 54 (5) (557 SE2d 409) (2001).

Accordingly, we remand this case to the trial court for a hearing and determination on the ineffective assistance claim. If the trial court concludes that trial counsel was ineffective, Pinkston is entitled to a new trial. On the other hand, if the trial court finds that Pinkston received effective assistance, "he shall have 30 days in which to initiate an appeal of the trial court's ruling on the issue." (Citation omitted.) *Mallon v. State*, supra, 253 Ga. App. at 54-55 (5).

*Judgment affirmed and case remanded with direction. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED JANUARY 31, 2006.

*M. V. Booker, Harold W. Wallace III*, for appellant.
*Dennis C. Sanders, District Attorney, Durwood R. Davis, Assistant District Attorney*, for appellee.