## A08A2252. CANNON v. THE STATE.
### (675 SE2d 560)

SMITH, Presiding Judge.

Leslie Earl Cannon was convicted of aggravated child molestation of the young son of a fellow employee, and two counts of sexual exploitation of children, two counts of enticing a child for indecent purposes, and two counts of child molestation with respect to his grandnephews.[1] He appeals, and although we find no harmful error, we remand this case to the trial court for a hearing on Cannon's claim of ineffective assistance of counsel.

1. Cannon raises the sufficiency of the evidence. He contends the State failed to prove aggravated child molestation, child molestation, or sexual exploitation of children. We find the evidence sufficient to uphold the convictions under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accord *Berman v. State*, 279 Ga. App. 867, 869 (1) (632 SE2d 757) (2006) (victim's testimony sufficient to sustain conviction for aggravated child molestation); *Phillips v. State*, 269 Ga. App. 619, 629-630 (8) (604 SE2d 520) (2004) (jury could infer intent from defendant's surreptitious conduct in bathing and photographing child in the nude without mother's knowledge); *Craft v. State*, 252 Ga. App. 834, 839-840 (1) (558 SE2d 18) (2001) (whether photograph depicts "lewd exhibition of genitals" is for trier of fact); *Thompson v. State*, 187 Ga. App. 563 (2) (370 SE2d 819) (1988) (evidence sufficient when defendant made child dance naked in his presence).

2. Cannon complains that the trial court erred in allowing evidence of a similar transaction. Because Cannon failed to preserve the transcript of the hearing on the similar transaction which took place approximately one month before trial, failed to provide a record of his objections through motion or other pleading in the record, and failed to restate his objections specifically at the time he renewed his objection to the similar transaction testimony, we do not know the basis on which he objected below. We therefore will not address his specific objections on appeal. See *Freeman v. State*, 269 Ga. App. 435, 436 (1) (604 SE2d 280) (2004). We will, however, consider the general

---

[1] The convictions for enticing a child merged into the child molestation charges, and a charge of possession of a firearm by a convicted felon was nol prossed.

prerequisites for admission of similar transaction evidence.

> In order to admit evidence of similar transactions, the State must show an appropriate purpose, sufficient evidence to establish that the defendant committed the similar act, and a sufficient connection between the similar act and the crime charged. Appropriate purposes include showing motive, plan, scheme, bent of mind, and course of conduct. In cases of sexual abuse of children, evidence of prior sexual acts performed on other children is admissible to show the lustful disposition of the defendant toward children, and, because there is seldom a competent witness other than the victim to what occurred, to corroborate testimony of the victim as to the acts charged. The trial court's decision to admit similar transaction evidence will not be disturbed absent an abuse of discretion.

(Citations, punctuation and footnotes omitted.) *Mikell v. State*, 281 Ga. App. 739, 742 (2) (637 SE2d 142) (2006).

The State presented evidence that Cannon previously engaged in a similar pattern of "grooming" a nine-year-old boy by giving him expensive presents and money, watching pornography, photographing him in the nude, and eventually molesting him. This evidence was properly presented, as the trial court ruled, to show "bent of mind, common scheme or plan, and modus operandi."

> The sexual molestation of young children, regardless of sex or type of act, is of sufficient similarity to make the evidence admissible. The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses. It is not necessary to introduce a conviction of the other crimes in order to adduce testimony that they occurred.

(Citations and punctuation omitted.) *McKenzie v. State*, 223 Ga. App. 108, 111 (2) (c) (i) (476 SE2d 868) (1996). The similar transaction victim testified that he recanted his accusation at the time because "I was . . . scared for my mother because Leslie had made remarks about things happening to my mother if things went further." "Appellant's objection to the victim's recantation goes to the weight and credibility of [his] testimony, and provides no basis for appellant's argument that the similar transaction evidence should not have been admitted." (Citation omitted.) *Charo v. State*, 206 Ga. App. 297, 299 (4) (424 SE2d 900) (1992). And the lapse of approximately 15 years between the offenses does not render the similar

transaction inadmissible. See *Pareja v. State*, 295 Ga. App. 871, 873 (2) (673 SE2d 343) (2009) (26 years), and cases cited therein. Accordingly, the trial court did not abuse its discretion in admitting the similar transaction evidence.

3. Cannon contends the trial court erred in allowing the testimony of a police detective regarding the investigation that led to the discovery of the similar transaction. The officer testified that Cannon had a previous arrest for child molestation in 1991 and that the facts were "very, very similar to what [the victim in this case] had told us," specifically that Cannon had married a woman in order to gain access to her son, never had a sexual relationship with her, and mistreated her daughter but "doted on" the son. Although allowing this testimony was error, it was harmless.

> The Supreme Court of Georgia recently held that the narratives contained in police reports generated in connection with police investigations are not the appropriate subject of an exception to the hearsay rule. . . . The narrative portion of the police report that this officer read into the record was clearly inadmissible hearsay, and its admission into evidence was error.

(Citations and punctuation omitted.) *Williams v. State*, 261 Ga. App. 410, 416 (6) (582 SE2d 556) (2003). But the error was harmless because the improperly admitted testimony did not aver that the witness was telling the truth but merely repeated his statements. Id. at 417 (6) (c). The similar transaction victim himself appeared in court and testified to the same facts, and the statements contained in the police report therefore were merely cumulative. Id. at 417 (6) (d). "The erroneous admission of hearsay is harmless where legally admissible evidence of the same fact is introduced." (Punctuation and footnote omitted.) *Head v. State*, 254 Ga. App. 550, 551 (2) (562 SE2d 815) (2002); see also *Mikell*, supra, 281 Ga. App. at 746 (5).

4. Finally, Cannon contends he received ineffective assistance of counsel at trial. Appellate counsel entered an appearance on Cannon's behalf after trial counsel filed a notice of appeal from the judgment of conviction. This appeal therefore is his first opportunity to raise an ineffective assistance claim. "Generally, when the appeal presents the first opportunity to raise an ineffective assistance claim, we remand the case to the trial court for an evidentiary hearing on the issue." (Citation and punctuation omitted.) *Pinkston v. State*, 277 Ga. App. 432, 433 (2) (626 SE2d 626) (2006). Cannon's arguments, that trial counsel did not sufficiently prepare and did not present an adequate defense, cannot be decided as a matter of law on the existing record. Id.

We therefore remand this case to the trial court for a hearing on Cannon's ineffective assistance claim. If it rules that trial counsel was ineffective, Cannon is entitled to a new trial. If, on the other hand, the trial court finds that trial counsel's assistance was effective, Cannon "shall have 30 days in which to initiate an appeal of the trial court's ruling on the issue." (Citation and punctuation omitted.) *Pinkston*, supra, 277 Ga. App. at 433 (2).

*Judgment affirmed and case remanded with direction. Mikell and Adams, JJ., concur.*

DECIDED MARCH 17, 2009.

*Perrotta, Cahn & Prieto, Anthony N. Perrotta*, for appellant.
*Joseph K. Mulholland, District Attorney*, for appellee.