A11A0239. MCMAHON v. THE STATE.
(707 SE2d 528)

MCFADDEN, Judge.

Nancy McMahon appeals her conviction for making a false statement. Finding that the state did not impermissibly refer to plea negotiations and that there was sufficient evidence to establish that she made her statement to employees of an agency of state, county, city, or other government, we affirm the judgment of conviction. We remand the case to the trial court for a hearing on McMahon's claim of ineffective assistance of trial counsel.

Viewed in the light most favorable to the jury's verdict, *Berry v. State*, 274 Ga. App. 366, 367 (1) (618 SE2d 72) (2005), the evidence shows that on February 28, 2008, police were called to McMahon's residence because of a domestic dispute. McMahon's husband was arrested because of the incident. Within a week or two of the incident, McMahon contacted the district attorney's office to ask

that her husband be allowed to participate in a pretrial diversion program. Her call led to a meeting on April 7, 2008, with Beth Wallace, a victim advocate, Stuart Stephens, an investigator with the district attorney's office, and Assistant District Attorney J. D. Hart.

Stephens asked McMahon if the police had made any prior calls to her house for similar incidents, and McMahon responded no. In fact, the police had been dispatched to the house for a domestic violence incident in 2005, and McMahon had spoken with Investigator Jennifer Wright about the incident. McMahon was charged with making a false statement about a matter within the jurisdiction of a government agency, telling Stephens that law enforcement had not responded to her house for a domestic complaint before February 28, 2008.

At trial, McMahon testified that she had had no recollection of the 2005 call or speaking with Wright about the incident. Therefore, she testified, she did not knowingly make a false statement at the April 7, 2008 meeting.

1. McMahon argues that the trial court should have granted a mistrial because the state improperly introduced evidence of plea negotiations. While Hart was questioning Stephens, she asked about a telephone conversation with McMahon. Stephens explained that the conversation occurred after the April 7, 2008 meeting, while Hart had McMahon on speaker phone. Stephens testified that he heard McMahon say that she did not recall the prior domestic violence incident. Hart then asked Stephens, "Did the defendant ask you not to or ask me not to prosecute her for these charges?" Stephens responded, "She did."

(a) McMahon argues that this testimony violates OCGA § 24-3-50, which, she contends, makes inadmissible any statements made during the course of plea negotiations. But the statute provides, "[t]o make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." We have interpreted the statute to mean that "confessions made during plea negotiations with the prosecutor are not admissible, because they are made in the hope that the defendant will get a better deal than he would otherwise. [Cit.]" *Gray v. State*, 240 Ga. App. 716, 718 (1) (523 SE2d 626) (1999).

Here, however, the record does not show that McMahon made her request in the context of plea negotiations. And McMahon's request not to be prosecuted is not a confession.

> A confession is a voluntary statement made by a person charged with the commission of a crime wherein he acknowledges himself to be guilty of the offense charged . . .

[and] implies an admission of every essential element necessary to establish the crime wherewith the defendant is charged

(Citation and punctuation omitted.) *Carter v. State*, 90 Ga. App. 61 (2) (a) (81 SE2d 868) (1954). McMahon's request did not admit every element of the crime and did not acknowledge guilt. Id.

McMahon cites *Wilson v. State*, 233 Ga. App. 327, 329-330 (3) (503 SE2d 924) (1998) (physical precedent only), for the proposition that reference to plea negotiations entitles a defendant to a mistrial. First, *Wilson* is not binding because it is physical precedent only. See Court of Appeals Rule 33 (a); *Brundidge v. State*, 302 Ga. App. 510, 511, n. 4 (691 SE2d 339) (2010). Even if *Wilson* were binding, it is factually distinguishable. In *Wilson*, the prosecutor asked the defendant whether he previously had attempted to negotiate a nolo contendere plea to the charges. A plea of nolo contendere "constitutes a plea of guilty except that it cannot work any civil disqualification upon the defendant." (Citation and punctuation omitted.) *Fortson v. Hopper*, 242 Ga. 81, 82 (247 SE2d 875) (1978). Therefore, the *Wilson* prosecutor's question amounted to an impermissible reference to Wilson's offer to admit the elements of the crime. McMahon's request that she not be prosecuted in no way admitted the elements of the crime, and *Wilson* is therefore distinguishable.

(b) McMahon also contends that OCGA § 17-8-75 required the trial court to rebuke Hart for asking the question and failing that, to grant a mistrial. That statute provides:

Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the prosecuting attorney is the offender.

As discussed above, Hart's question was not an impermissible reference to a confession made during plea negotiations. And the trial court complied with the statute by instructing the jury that Hart's question was not evidence. See *Gutierrez v. State*, 235 Ga. App. 878, 880 (1) (510 SE2d 570) (1998).

2. McMahon argues that her conviction must be reversed because the state failed to prove an essential element of the offense, namely that the office of the district attorney is a government

agency. OCGA § 16-10-20 provides:

> A person who knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact; makes a false, fictitious, or fraudulent statement or representation; or makes or uses any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry, *in any matter within the jurisdiction of any department or agency of state government or of the government of any county, city, or other political subdivision of this state* shall, upon conviction thereof, be punished by a fine of not more than $1,000.00 or by imprisonment for not less than one nor more than five years, or both.

(Emphasis supplied.) McMahon concedes that she made the false statement to employees of the district attorney's office while discussing her husband's pending criminal charge. She contends, however, that no evidence showed that the district attorney's office is an agency of state, county, city, or other government.

> When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. It is the function of the jury ... to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the evidence.

(Citations and punctuation omitted; emphasis in original.) *Wilson v. State*, 304 Ga. App. 743, 745 (1) (698 SE2d 6) (2010). Stephens testified that he is an investigator for the district attorney's office for the Northeastern Judicial Circuit, which includes Hall and Dawson counties. The jury could reasonably infer from this testimony that the district attorney's office is an agency of county government.

3. Finally, McMahon argues that she received ineffective assistance of counsel at trial because trial counsel failed to move to disqualify the assistant district attorney, who was a witness to the false statement, and because trial counsel failed to move for a mistrial when Stephens testified about plea negotiations.

Appellate counsel entered an appearance on McMahon's behalf after the trial court denied McMahon's motion for new trial and after trial counsel filed a notice of appeal from the judgment of conviction. This appeal, therefore, is McMahon's first opportunity to raise an ineffective assistance of trial counsel claim. "Generally, when the

appeal presents the first opportunity to raise an ineffective assistance claim, we remand the case to the trial court for an evidentiary hearing on the issue." (Citation and punctuation omitted.) *Pinkston v. State*, 277 Ga. App. 432, 433 (2) (626 SE2d 626) (2006). Accordingly, we remand this case to the trial court for a hearing on this aspect of McMahon's ineffective assistance claim. If the trial court rules that trial counsel was ineffective, McMahon is entitled to a new trial. If, on the other hand, the trial court finds that trial counsel's assistance was effective, McMahon "shall have 30 days in which to initiate an appeal of the trial court's ruling on the issue." (Citation and punctuation omitted.) Id.

We hold, however, that McMahon's claim that trial counsel was ineffective for failing to move for a mistrial because of the reference to plea negotiations is due to be decided as a matter of law on the existing record. Our holding in Division 1 — that the reference to McMahon's request that she not be prosecuted did not entitle McMahon to a mistrial — means that trial counsel was not ineffective for failing to move for a mistrial on this ground. Consequently, McMahon is not entitled to raise this ground on remand. See *Gomillion v. State*, 236 Ga. App. 14, 15 (1) (512 SE2d 640) (1999).

*Judgment affirmed and case remanded with direction. Phipps, P. J., and Andrews, J., concur.*

DECIDED MARCH 8, 2011.

*Collins & Csider, Arianne E. Mathé*, for appellant.
*Lee Darragh, District Attorney, J. D. Hart, Assistant District Attorney*, for appellee.