## Davis *v.* Davis.

LUMPKIN, J. 1. Where the death of a man results from the crime of another, his widow may recover for the homicide. Civil Code (1910), §§ 4424, 4425.

2. Where suit was brought by a widow against one who intentionally shot her husband, causing his death, and the killing was admitted, but the defendant pleaded that it was done in self-defense, the question of whether the deceased exercised ordinary care to avoid the consequences of negligence on the part of the defendant was not involved in the case, and there was no error in omitting to charge on that subject.

3. There was no error against the defendant in, charging that the law provides, in cases of homicide, where the killing is the result of a crime, that the widow can recover the full value of the life of her deceased husband; that the jury might allow the full value, if they allowed anything, or might reduce the amount in proportion to what they believed the fault or default of the deceased was, if any; and that if the deceased by his conduct at the time of the killing, or prior to the killing, provoked the defendant, and was himself guilty of acts which he should not have done, tending to excite passion, but which would not justify the killing; the jury might reduce the amount which they would otherwise find, on account of the surroundings.    Civil Code (1910), § 4489.

4. The evidence was sufficient to support the verdict, and none of the grounds of the motion for a new trial require a reversal.

*Judgment affirmed.    All the Justices concur, except Fish, C. J., absent.*

SEPTEMBER 15, 1915.

Action for damages.    Before Judge Fite.    Whitfield superior court.    April 17, 1914.

*F. W. Copeland, G. G. Glenn,* and *Maddox, McCamy & Shumate,* for plaintiff in error.    *W. C. Martin* and *W. E. Mann,* contra.