## 16774.   COBB *v.* BAILEY.

1. In an action for false arrest and imprisonment, there being evidence that the plaintiff was peeping in at the windows and doors of the defendant's home, in violation of the act of 1919 (Ga. L. 1919, p. 386), and that when approached by the defendant and police officers and asked what she was about she replied that she intended to kill the defendant, the court's instruction to the jury, in entire harmony with sections 917 and 921 of the Penal Code, though not in their exact language, was adjusted to the issues and was not subject to the objection that it was not a true statement of the law and was misleading.

2. An instruction that if the plaintiff, at the time she was arrested, informed the police officers that she intended to kill the defendant, and they arrested her to prevent her from so doing, they would be justified in taking her into custody, and that if she made this threat in the presence of the defendant, and if under the evidence he had reasonable grounds to fear that she would kill him, then his invocation of the aid of the officers to take her into custody, to prevent her from so doing, would be justifiable, was not open to the objection that it was not a correct statement of the law, and that it expressed an opinion of what had been proved and was misleading.

3. The verdict was supported by the evidence.

DECIDED APRIL 20, 1926.

Action for damages; from Fulton superior court—Judge Ellis. July 6, 1925.

Miss Maude Cobb brought an action against J. L. Kurfees for false arrest and imprisonment, alleging that on September 19, 1919, the defendant caused her to be arrested and imprisoned in the police station of the City of Atlanta; that the arrest and imprisonment were without probable cause, and were made by police officers of the city, under the express directions of the defendant; that she was arraigned before the recorder and was discharged by him for want of evidence against her; that the arrest and imprisonment were malicious; that at the time of the arrest she was en route to the defendant's home on a certain street for the purpose of asking the return by him of certain letters and papers; that as she approached his home he was on his porch, and that on seeing her approach he procured the police officers to make the arrest. The defendant filed an answer in which he denied the material allegations of the petition and alleged that he had nothing to do

Appeal and Error, 4 C. J. p. 864, n. 34.
Arrest, 5 C. J. p. 399, n. 75; p. 409, n. 36; p. 411, n. 56, 57.
False Imprisonment, 25 C. J. p. 551, n. 66; p. 552, n. 68.
Trial, 38 Cyc. p. 1603, n. 59; p. 1653, n. 11 New.

with any alleged arrest and imprisonment of the plaintiff; that he in fact protested to the officers against her arrest; that on the night of the arrest the plaintiff was violating what is known as the "peeping Tom," or "eavesdroppers act," Ga. L. 1919, p. 386, in that on that night the plaintiff became a peeping Tom and eaves-dropper on and about the premises of the defendant, and peeped through his windows and doors for the purpose of spying upon and invading his privacy. The defendant having died, his ad-ministrator was made defendant. On the trial the verdict was for the defendant. The plaintiff's motion for a new trial was overruled, and she excepted.

Louis H. Foster, H. B. Cobb, for plaintiff.

Reuben R. & Lowry Arnold, Edward C. Hill, for defendant.

JENKINS, P. J. (After stating the foregoing facts.) 1. In an action for false arrest and imprisonment complaint is made by the plaintiff as to the following excerpt from the charge to the jury covering the right to make an arrest without a warrant: "The law requires, as a general rule, to arrest a person, there must be some legal process issued; that is to say, there should be a war-rant sworn out to arrest a party having committed a crime or mis-demeanor. But such arrest may be justifiable if the officer of the law making the arrest, or the person seeking the arrest to be made, sees the crime committed,—committed in the presence of the offi-cer or the person seeking the arrest; or if not committed in the presence of the officer, if there is about to be a substantial failure of justice, or such emergency as would require prompt action on the part of the officer of the law, or this person seeking the process of the law, in immediately taking custody and control of the party whose arrest or imprisonment was sought." The ground of plain-tiff's complaint as to this excerpt is that it is not a true statement of the law, and was calculated to mislead the jury. The Penal Code (1910), § 917, provides that "an arrest may be made by an officer under a warrant, or without a warrant if the offense is com-mitted in his presence, or if the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant." Section 921 provides that "a private person may arrest an offender, if the offense is committed in his presence or within his immediate knowledge; and if the offense is a felony, and the offender is escaping, or attempting to

escape, a private person may arrest upon reasonable and probable grounds of suspicion." There was evidence for the defendant to the effect that the plaintiff was in the act of peeping in at the windows and doors of the defendant's home; that such was a violation of an act of the General Assembly (Ga. L. 1919, p. 386) providing against a person lurking about the premises of another and playing the peeping Tom; that when the plaintiff was approached by the police officers and the defendant and asked what she was about, she replied that she intended to kill the defendant. In other parts of the charge the court instructed the jury that if they believed that the plaintiff, at the time she was arrested, informed the police officers that she intended to kill the defendant, and that they arrested her to prevent her from doing that, they would be justified, under the law, in taking her into custody; and that if she made this threat in the presence of the defendant, and they believed, under the evidence, that he had reasonable ground to fear that she would kill him, this invocation of the aid of the officers, to take her into custody, to prevent her from doing that, would be justifiable. The court instructed the jury also as to the law embodied in the act of 1919 (Ga. L. 1919, p. 386) relating to peeping Toms and eavesdroppers, which makes such conduct a misdemeanor. While the excerpt complained of is not in the exact language of the code sections cited above, it is in entire harmony with them, was adjusted to the issues made in the case, and is not subject to the attack upon it. Accordingly, there was no error therein.

2. The other special ground of exception is to the following excerpt from the charge to the jury, covering the right to make an arrest without a warrant: "If you believe that this plaintiff, at the time she was arrested, informed these police officers she intended to kill defendant, and they arrested her to prevent her from doing that, they would be justified, under the law, in taking her into custody, and if she made this threat in the presence of Mr. Kurfees (the defendant), and you believe, under the evidence, that he had reasonable ground to fear that she would kill him, that then this invocation of the aid of the officers, to take her into custody, to prevent her from doing that would be justifiable." The ground of the plaintiff's complaint as to this excerpt is that it is not a correct statement of the law, and that it expresses an opin-

ion as to what has been proved in the case, and that it was calculated to mislead the jury. "A peace officer has the right to make an arrest without a warrant, for the purpose of preventing the commission of a felony." 5 Corpus Juris, 399, citing the following cases: Carlton v. State, 63 Fla. 1 (58 So. 486) ; Cook v. Hastings, 150 Mich. 289 (114 N. W. 71, 14 L. R. A. N. 1123, 13 Ann. Cas. 194) ; Jenkins v. State, 3 Ga. App: 146 (59 S. E. 435) ; Schwarz v. Poehlmann, 178 Ill. App. 235; but see Allen v. State (Tex. Cr. App.), 66 S. W. 671, holding that a city marshal has no right to arrest without a warrant a person threatening verbally to take the life of another at some future time. "A peace officer may make an arrest without a warrant for the purpose of preventing an imminent breach of the peace." 5 Corpus Juris, 408. "A private person also has a right to make an arrest without a warrant for the purpose of preventing the commission of a felony, and may arrest without a warrant one whom he finds attempting to commit a felony." 5 Corpus Juris, 411, citing many cases. If the officer had a right to arrest without a warrant, or if the defendant had the right to arrest without a warrant, the defendant was not liable for making the arrest or for having the officers to make it. From the evidence before us, it would have been a felony for the plaintiff to have killed the defendant. Accordingly, there was no error in the excerpt complained of.

3. The verdict finding ample support in the evidence, and having the approval of the trial judge, and there being no error in the proceedings, it was not error for the court to overrule the motion for a new trial.

*Judgment affirmed. Stephens and Bell, JJ., concur.*