## 35595. KING v. THE STATE.

DECIDED APRIL 8, 1955.

826

*Murphy & Murphy, Thomas B. Murphy,* for plaintiff in error.
*Robert J. Noland, Solicitor-General, W. L. Denton, Solicitor-General,* contra.

GARDNER, P. J. 1. It is our opinion that the jury, under the evidence, would have been authorized to convict the defendant of murder. We mention this evidence regarding murder for the reason that, among the special grounds, counsel for the defendant assigns error because the court charged the law with reference to murder. The evidence, as set forth above, amply authorized the jury to return a verdict for voluntary manslaughter.

There is no assignment of error regarding the charge on the law of voluntary manslaughter. However, we state here that the court charged that principle of law correctly.

2. Special ground 1 assigns error because the court charged the law of murder, alleging that the evidence did not authorize the court so to charge. This ground is without merit.

Special ground 2 assigns error on an excerpt from the charge of the court, as follows: "I charge you if the defendant was at the time of the alleged offense a lawful and legally authorized arresting officer of the City of Bremen, and that Bill Hammock and I. L. Hammock, Junior, knew this, then you would determine if the defendant, as such officer, was undertaking to arrest them or either of them for any offense committed or claimed by them by the defendant to have been committed in violation of any lawful ordinance of the City of Bremen, that the deceased and his brother should have submitted to arrest." The error assigned on this excerpt is that a peace officer, like the defendant, is clothed with the authority to arrest one who was in violation of a State law, as well as one in violation of a city ordinance. This is a correct principle of law, but to be authorized to arrest for the violation of a State law it must appear that the officer did not have time to procure a warrant or that the alleged offender was attempting to escape. This was a matter of defense on the part of the defendant, and he did not urge it properly. Moreover, the evidence reveals, as above set forth, that other officers had arrived, and that some time had elapsed since the difficulty between the deceased and the defendant, wherein the defendant had struck the first blow and thereafter killed the deceased while the deceased was sitting in his automobile and while the brother of the deceased had been arrested and was being taken by Officer Lewis to the city hall for the purpose of disposing of the matter. The evidence correctly shows that the jury based their verdict on the ground that the defendant killed the deceased under a sudden heat of passion growing out of the difficulty between the deceased and the defendant, in which difficulty the deceased, with his bare hands, bested the defendant in the difficulty, which from all the evidence it appeared that the defendant, without just cause, provoked. There is no merit in this contention.

Special ground 3 assigns error because the court failed to charge the principle of law to the effect that every person committing an offense in the presence of an arresting officer must quietly submit to arrest, and in the event that the person refuses to quietly submit, the officer has the right to use such force as is necessary to accomplish the arrest. There was no request for such a charge. Then too, in this connection, it must be kept in mind that no arresting officer has any right to kill a person for trying to escape in the commission of a misdemeanor. This ground has no merit.

Special ground 4 assigns error because the court failed to charge that, if the defendant at the time of the alleged offense was an authorized arresting officer of the City of Bremen, and if the deceased was committing a violation of any lawful ordinance of Bremen or any valid law of the State of Georgia, the defendant had the right to arrest the deceased. There was no request for this charge and what we have said in the preceding special ground applies here. This ground is without merit.

The court did not err in denying the motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*