37840. SAVANNAH NEWS-PRESS, INC. *v.* HARLEY.

TOWNSEND, Judge. 1. (*a*) A libel is a *false* defamation of another (Code § 105-701) and if what is printed is true there is no libel. Code § 105-708. While truth, like privilege, in libel cases is usually a matter for special plea, if the petition shows on its face that the printed matter is either true or privileged a general demurrer to the petition will lie for the reason that the petition on its face sets out no cause of action. *Atlanta News Pub. Co. v. Medlock,* 123 *Ga.* 714, 721 (51 S. E. 756, 3 L. R. A. (NS) 1139); *Atlanta Journal Co. v. Doyal,* 82 *Ga. App.* 321, 328 (60 S. E. 2d 802). Such a demurrer will lie where the petition shows on its face that the printed matter relied on to constitute the libel is true, because libel in order to be actionable must be shown to be *false.* Where the petition affirmatively shows that it is not *false,* but on the other hand shows it to be *true,* then such petition fails to state a cause of action for libel, the falsity of the printed matter being an essential element to such a cause of action.

(*b*) A demurrer admits all well pleaded allegations of a petition but does not admit conclusions of the pleader unsupported by facts authorizing such a conclusion. *Lee v. City of Atlanta,* 197 *Ga.* 518, 520 (29 S. E. 2d 774); *Robertson v. Panlos,* 208 *Ga.* 116, 118 (65 S. E. 2d 400). Accordingly, the allegations of this petition such as those characterizing the publication as libelous and libelous per se are mere conclusions not supported by the pleaded facts. Likewise, the allegations of the petition that the plaintiff "has not been and is not guilty of the offense charged or intended to be charged by said letter and article," and that "the same are untrue, unfair and without foundation in fact" are conclusions of the pleader not supported by the pleaded facts and are not admitted on demurrer.

2. There are in Georgia no crimes except those made so by statute. Since to constitute the crime of burglary under Code § 26-2401, there must be a breaking and entering of the "dwelling, mansion, or storehouse, or other place of business of another" there can be no burglary of a motor vehicle parked on a public street. Likewise, insofar as criminal offenses are concerned, the crime of trespass as defined in Code § 26-3001 would not apply to such motor vehicle, since it is intrinsically a crime relating to land and things attached thereto, although,

in the civil sense, the word "trespasser" may mean any tortfeasor. *Georgia Power Co. v. Blum,* 80 *Ga. App.* 618 (1) (57 S. E. 2d 18). Accordingly, where the allegations of the plaintiff, a police officer on active patrol duty with the Savannah Police Department, are to the effect that he and his partner "espied what they construed to be a burglary in progress, occurring in the cab of a large tractor-truck parked at Bay and Montgomery Streets in Savannah" and that they hastened "to apprehend the trespassers, whereupon the offenders quit the truck cab and began to run and make their escape," such allegations without more, fail to show that the persons so apprehended had committed the crime of either burglary or trespass. From the facts stated, the suspects might well have been attempting to commit the crime of larceny of an automobile (Code § 26-2603), a felony the attempt to commit which would be a misdemeanor (Code § 27-2507 (5)), or might have been attempting or actually engaged in the crime of breaking and entering an automobile with the intent to commit a larceny or felony (Code § 26-2637), also a felony, the attempt to commit which would be a misdemeanor. Since the petition fails to allege either that there was a breaking of the cab or the tractor-trailer by the suspects or that there was any intent to commit a larceny, it affirmatively appears from the allegations of the petition that the suspects, if they were engaged in any crime at all, were guilty at the time they were apprehended, of no crime beyond the grade of misdemeanor.

3. The petition further alleges that as they approached the spot the offenders quit the truck cab and began to run and make their escape; that the plaintiff's command to halt was ignored and he then fired his revolver at one of the fleeing suspects to prevent his escape; that he was some distance from the fleeing figure and shot at his legs; that the bullet hit the suspect in the side above the hip and he then discovered he had shot a téen-aged (13 years old) Negro boy, thinking him to be a small man. The plaintiff had no warrant, but, being a police officer, he had the right to arrest without a warrant for an offense committed in his presence, or where the offender was endeavoring to escape, or where, for other cause, there would likely be a failure of justice for want of an officer to issue a warrant. Code § 27-207. In such circumstances his right to arrest exists regardless of

whether the offense being committed is a misdemeanor or a felony. *Graham* v. *State*, 143 *Ga.* 440, 443 (85 S. E. 328, Ann. Cas. 1917A 595). And he apparently has the right to arrest under certain circumstances in order to prevent a felony from being committed, which felony has not yet been attempted. *Cobb* v. *Bailey*, 35 *Ga. App.* 302, 305 (133 S. E. 42). But where a felony has not been committed, and the only crime, if any at all, is no more than a misdemeanor, he has no right, merely to prevent an escape, to shoot a misdemeanor suspect who is fleeing from him. *Croom* v. *State*, 85 *Ga.* 718 (2), 725 (11 S. E. 1035, 21 Am. St. Rep. 179); *King* v. *State*, 91 *Ga. App.* 825, 828 (87 S. E. 2d 434). See also *McAllister* v. *State*, 7 *Ga. App.* 541 (5) (67 S. E. 221) where it was held: "The court did not err in charging that an officer has no right to follow up one whom he seeks to arrest, and attempt to shoot or kill him, if the person sought to be arrested is making no effort to resist arrest, but is only attempting to avoid it by flight." And whether or not he would have had the right to shoot at a suspect to prevent the commission of a felony, if such shooting became necessary in order to accomplish the arrest, he would have no right where the suspect, by his flight, unmistakably showed that he had abandoned any present intention of stealing the motor vehicle or its contents, and the shot was fired to prevent the escape rather than to prevent the felony. What is said here of course applies to cases where no felony in fact has been committed. This petition fails to allege that the fleeing suspect had committed a felony or a misdemeanor.

4. Code § 26-1702 makes it a felony for any person to be guilty of the offense of shooting at another, except in his own defense or under circumstances of justification, with a gun, pistol, or other instrument of like kind. The alleged libelous letter published in the defendant's newspaper under the headline "Church Labels Shooting as Murderous" characterized the shooting set out in the petition as "unwarranted" and "murderous" and stated in the body of the letter: "We do not condone crime and believe that all criminals should be punished, including Patrolman J. R. Harley, for his unjustifiable shooting of this boy." The petition also alleges that the words "murderous" and "criminal" used in the article were intended to and did convey their ordinary and usual signification, and that they imputed to him the carnal sin of breaking

the Sixth Commandment; that the offense charged is untrue, unfair, and without foundation in fact. Certainly the facts as set out in the published letter and also in the plaintiff's petition do not show that the plaintiff was guilty of the offense of murder as defined by statute. But the ordinary signification of the word "murderous" as defined in Webster's New International Dictionary, is "characterized by, or causing, murder or bloodshed; having the purpose or quality of murder; bloody; sanguinary, bloodthirsty, fell, savage, cruel." "Criminal," likewise, means not solely one convicted of a crime in a court of law, but "involving, or of the nature of, a crime; relating to crime or its punishment; guilty of crime or serious offense." The article thus affirmatively charged the plaintiff with guilt of the crime of making an attack upon another which was unwarranted and likely to produce death. The facts alleged in the plaintiff's petition show this to be the truth, since they show that the plaintiff, under the construction of the events most favorable to himself (it being presumed that he alleged the facts in such light) shot at another with a weapon likely to produce death under circumstances not involving self-defense or legal justification. The test of the plea of justification in an action for slander or libel imputing a crime is whether it is supported by such evidence as would be required to convict the plaintiff on a criminal prosecution (*Williams* v. *Gunnels,* 66 *Ga.* 521) although, libel being a civil action, it is not necessary that the degree of certainty be such as to remove all reasonable doubt, but only to preponderate toward that conclusion. *Atlanta Journal* v. *Mayson,* 92 *Ga.* 640 (18 S. E. 1010, 44 Am. St. Rep. 104). Likewise, on demurrer, if the pleaded facts show all of the necessary elements of the offense charged, then the petition fails to set forth a cause of action. The offense of shooting at another being a crime, and being one of the lesser grades of assault with intent to murder, and the petition showing on its face every fact necessary to make out such offense, the petition fails to show "false and malicious defamation of another" as required under Code § 105-701 to make out a cause of action for libel.

5. Paragraph 9 of the petition alleges: "The plaintiff herein was suspended from duty and charged with shooting another not in his own defense under the Georgia statutes; that a hearing was had upon the charge in the Police Court (Record-

er's Court) of Savannah, the judgment absolving the plaintiff herein of all criminal responsibility in the shooting of the offender." The jurisdiction of such courts, as to State offenses is limited to determining "whether there is sufficient reason to suspect the guilt of the accused, to require him to appear and answer before the court competent to try him; and whenever such probable cause exists, it is the duty of the court to commit." Code §§ 27-407, 69-705, 24-1501. The action of such magistrate does not constitute a judgment in the sense that it settles the guilt or innocence of the accused. As stated in *Hyden* v. *State*, 40 *Ga.* 476: "The judgment of the magistrate is not final, and settles nothing as to the guilt or innocence of the defendant," and it may not be pleaded in bar to a subsequent inquiry under a new warrant for the same offense. Accordingly, where the facts alleged in the petition make it affirmatively to appear that all of the elements necessary to the conviction of the plaintiff existed, the fact that a committing magistrate before whom he was brought found no probable cause for his commitment to exist does not render the publication of the letter libelous where from the facts set out in the petition it appears that the statements contained in the alleged libelous article are true.

6. The publication in its entirety reads as follows: "Church labels Shooting as Murderous. The Bethlehem Baptist Church today condemned as 'unwarranted' and 'murderous' the shooting of 13-year-old Claud Sutton Thursday. In a letter addressed to Mayor Mingledorff, church officials wrote: 'We feel that it is one of the most disgraceful things a law enforcement officer could do in the light of circumstances given. We do not condone crime and believe that all criminals should be punished, including Patrolman J. R. Harley, for his unjustifiable shooting of this boy, but we do feel that law violators should be treated as human beings, and not as beasts to be shot down unmercifully.' The letter was signed by L. Scott Stell, Jr., minister, J. H. Bennett, clerk, and E. Cooper, chairman of the board of deacons. Bethlehem Baptist is a Negro church. It questioned whether the officer 'did not know whether it was a boy or a small man' and added: 'Is it a fact that we would employ one so poorly trained that he would aim at the feet to halt a minor violator, and hit him in the chest nearly ending his life?' [The bullet actually entered the Sutton boy's abdomen.] 'The withholding

of the full report,' the letter continued, 'is most baffling. Why is there so much secrecy about it? We are desirous of knowing the future status of the patrolman involved, and our police department. Can the city of Savannah be proud of a department that will condone such practices as this?'"

From the allegations of the petition, it appears that the facts set out therein are true, and that the charges made therein were justified. Accordingly, the plaintiff has no cause of action against this defendant, and the trial court erred in overruling the general demurrer to the petition.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 24, 1959—REHEARING DENIED
OCTOBER 9, 1959.

*Stephens & Gignilliat, Thomas H. Gignilliat,* for plaintiff in error.

*J. Walter Cowart, James E. Lucas, T. Delano Maurice,* contra.