## 45117. SHEPARD v. MORRISON.

PANNELL, Judge. Charles Shepard brought an action against G. E. Morrison seeking to recover damages for injuries sustained by him when the defendant allegedly committed a felonious assault upon plaintiff by shooting him with a .32-caliber pistol. The defendant denied the material allegations of the petition. Upon the trial, a jury found in favor of the defendant and the plaintiff's motion for new trial was overruled and plaintiff appealed to this court. *Held:*

1. The plaintiff was the son-in-law of the defendant. A letter from the plaintiff to the prosecuting attorney requested that the case against the defendant for the offense of assault with intent to murder be dismissed and stated that "the difficulty arose as a family matter and I hold him [the defendant] no more responsible than I for the unfortunate trouble and situation" and stating that he did not wish to appear in any court to testify against the defendant. The letter was objected to by the plaintiff upon its introduction in evidence on the ground that said letter purported to be a contract in violation of *Code* § 105-1901, and because of the provision of *Code* § 105-1902 did not amount to a settlement of the tort action. This letter did not purport to be, nor did the evidence produced at the trial show it to be, a part of any offer to, or consummation of, a settlement of the tort action. Unless it was, these Code sections would not apply. The letter was tendered as an admission against interest and was admissible for that purpose. The trial judge did not err in admitting the letter in evidence; neither did he err in charging the jury in reference to this letter that all admissions should be scanned with care, etc.

2. Among the grounds of the motion for new trial as amended, which were approved by the trial judge and upon which error was enumerated, were complaints on the following charges of the court:

"Certain written representations of the plaintiff have been introduced in evidence relating to an admission as to respective fault in connection with the shooting involved in this case [obviously referring to the letter mentioned in Division 1 of the opinion]. In this connection, I charge you that all admissions should be scanned with care, giving to them such weight as you deem proper, and taking into consideration the

words and the circumstances under which they were written and all the facts and surrounding circumstances as they were at the time.

"Now the defendant contends, in substance, that the plaintiff's fault was at least equal to or greater than any fault charged against the defendant, and if you find that the defendant was at fault, and you further find that there was also fault on the part of the plaintiff, proximately causing or contributing to the plaintiff's injury and damages, and that such fault of the plaintiff was equal to or greater than that of the defendant, then the plaintiff cannot recover.

"If you find that there was such fault of the defendant as to make the defendant liable to the plaintiff, and you further find there was some fault on the part of the plaintiff contributing to the plaintiff's injury and damage, but such fault of the plaintiff was less than the defendant's fault, then I charge you that this fault on the part of the plaintiff would not prevent plaintiff's recovery of damages in this case, but would require that you reduce the amount of damages which would otherwise be awarded to plaintiff in proportion to the fault of the plaintiff as compared with that of the defendant, all of these matters being entirely for you, the jury to determine from the facts and the circumstances of this case as it relates to the law which I give you."

There were no pleadings and there was no evidence that the shooting of the plaintiff by the defendant was a negligent act, but both the pleadings and the evidence show an intentional shooting. The defendant's evidence tended to show justification for the shooting and the charges complained of were given immediately after charges relating to justification. While circumstances not amounting to justification may be proven in extenuation or mitigation of damages (*Code* § 105-1802) and the jury may consider the actions and conduct of the plaintiff at the time of the alleged assault, with other facts, in determining if force, and what degree of force, on the part of the defendant was justified, and if not justified, what, if any, effect should be given to such act as in mitigation of damages (which the court charged the jury and immediately thereafter gave the charges complained of), yet the charges complained of had no bearing whatsoever on the question of justification nor any bearing on circumstances not amounting to justification but which might be consid-

ered in extenuation or mitigation of damages. The charges given plainly dealt with proximate cause, liability based on negligence and diminution of damages based on the comparative negligence rule. While the word "negligence" was never used, the word "fault," as here used, could have been understood in no other way. The charge, when construed in connection with the letter in which the plaintiff admitted that the defendant was "no more responsible" than he, was tantamount to a direction of a verdict for the defendant. As was stated by counsel for the appellee "that was the purpose of the letter, to show that the whole thing was as much or more Shepard's [appellant's] fault as it was Morrison's [appellee's]. That is what the evidence showed, that is what the jury believed. . ."

While there was no objection to the charges, it is our opinion that these charges come clearly within the rule of Section 17c of the Appellate Practice Act as amended (Ga. L. 1968, pp. 1072, 1078; *Code Ann.* § 70-207). See *Foskey v. State,* 116 Ga. App. 334, 336 (157 SE2d 314).

3. There was no error in giving in charge to the jury the question for determination as to whether the defendant was justified in shooting the plaintiff, as such a charge was authorized under the evidence, and the defendant's entire case was based upon such principle. Section 8 (c) of the Civil Practice Act (*Code Ann.* § 81A-108) does not list justification as one of the defenses required to be expressly pleaded, and the failure to so plead it does not make the charge erroneous.

4. The evidence was sufficient to authorize a verdict and finding in favor of the defendant, and there was no error in charging the jury that if they reached the conclusion that the plaintiff was not entitled to recover, they should return a verdict in favor of the defendant. This was not such a case where a plaintiff was entitled to at least nominal damages, as contended for on appeal.

5. The trial judge erred in overruling the motion for new trial for reasons stated in Division 2.

*Judgment reversed. Jordan, P. J., concurs. Eberhardt, J., concurs in the judgment.*

ARGUED MARCH 3, 1970—DECIDED APRIL 29, 1970—
REHEARING DENIED MAY 20, 1970—

*Cain, Smith & Porter, J. Richard Porter, III,* for appellant.
*Ralph E. Carlisle, Edwin A. Carlisle,* for appellee.