## 51950. CARLTON v. GEER et al.

DEEN, Presiding Judge.

Charles Geer brought suit against O. D. Carlton for personal injuries sustained when H. C. Davis, Carlton's alleged servant, shot him with a 30.06 rifle. Davis was overseer for Carlton, who was lessee of Mercer Mill Plantation, a 10,000-acre tract of land in Worth County. Plaintiff and another person had been trespassing on the plantation hunting deer at night with a spotlight when they were observed by Davis, whose duties included keeping poachers and trespassers away.

Davis parked his pickup truck on a field road, turned his lights on and got out of the truck as the other automobile approached. According to Davis the automobile brushed his pants as it went around the truck, and as it was leaving the area he fired twice, ostensibly shooting at the tires in order to stop the automobile. One of the bullets struck Geer, however, causing the injuries sued for. Davis was later charged with aggravated assault, and he pleaded guilty to those charges.

The trial court granted a partial summary judgment that the act of Davis in firing the rifle constituted wilful and wanton negligence,[1] and Carlton appeals. *Held:*

We affirm. "The duty of the property owner [or his purported agent] is not to wilfully or intentionally injure a trespasser. . . There need be no actual intent by defendant; his conscious indifference to consequences is all that is required to characterize his negligence as *wilful and wanton conduct.*" *McKinsey v. Wade,* 136 Ga. App. 109, 111 (220 SE2d 30).

---

[1]Partial summary judgment as to liability was denied, presumably because there are issues of fact concerning respondeat superior.

Criminal Code § 26-904 (b) provides: "The use of force which is intended or likely to cause death or great bodily harm to prevent trespass on or other tortious or criminal interference with real property (other than a habitation) or personal property is not justified unless the person using such force reasonably believes that it is necessary to prevent the commission of a forcible felony." It is undisputed that Davis was not acting in defense of habitation or to prevent the commission of a forcible felony in shooting at the departing automobile, and hence was not justified in using force likely to cause death or great bodily harm.

Nor is Davis' act exonerated because of his statement that he did not intend to injure anyone. "The mere fact that the defendant, although purposely discharging the gun, did not intend to inflict injury or such serious injuries as were inflicted on the plaintiff will not ordinarily absolve him from civil liability." Annot., "Civil liability for use of firearm in defense of habitation or property," 100 ALR2d 1021, 1030, citing, inter alia, Brown v. Martinez, 68 N.M. 271 (361 P2d 152). In that case, which is the subject of the annotation, a boy sought to recover for injuries sustained when he was shot while engaged with other boys in stealing watermelons from the defendant's melon patch. The New Mexico Supreme Court held that since the acts of the boys were misdemeanors rather than felonies, and since the defendant had not considered his safety to be threatened, the defendant was liable as a matter of law, it being immaterial that the defendant intended only to scare the boys by shooting in a direction where he did not know that any boys were present. In so ruling the court held: "Our examination of the authorities convinces us that the question of the reasonableness of resort to firearms to prevent a trespass or to prevent commission of an unlawful act not amounting to a felony is one of law for the court, and that such conduct is not excusable." 100 ALR2d at 1019.

This approach is in accord with our ruling in *McKinsey v. Wade,* 136 Ga. App. 109, supra, involving the booby-trapped vending machine, where we reversed the denial of plaintiff's motion for summary judgment and remanded with direction that summary judgment as to

liability be entered up in plaintiff's behalf. We there necessarily held that booby-trapping the machine was wilful and wanton conduct as a matter of law since the plaintiff was a trespasser committing only a misdemeanor theft. We accordingly affirm the trial court's ruling that Davis' act in firing the rifle, at a time when plaintiff was retreating and in no way threatening harm, constituted wilful and wanton negligence.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur. Webb, J., disqualified.*

ARGUED MARCH 2, 1976 — DECIDED MARCH 15, 1976 — REHEARING DENIED APRIL 1, 1976 —

*Perry, Walters, Lippitt & Custer, Jesse W. Walters, H. P. Burt,* for appellant.

*James V. Davis, Frank H. Lowe, Jr.,* for appellees.