## 52588. JOHNSON et al. v. JACKSON.

Webb, Judge.

This appeal arises from an action for the negligent homicide of a minor brought by his parents Margaret and Judson Lee Johnson. The basic facts are undisputed.

On December 30, 1974, at about 5:20 p.m., the defendant, Bledsoe Jackson, returned from work to his home in Newnan. With him in the car was his wife. Jackson was employed as a deputy U. S. Marshal in Atlanta and ordinarily arrived home between 7:00 p.m. and midnight. He was dressed in civilian clothes but carried a pistol in a hip holster under his jacket. After stopping at the mailbox he drove down the driveway, which runs from the street along the left side of the front yard and house, and around to the garage, which is located at the extreme right rear of the house. The garage is a part of the house, separated from the kitchen by a common wall and a door. As Jackson turned behind the house he observed for the first time another car

containing two occupants stopped near the garage with the motor running and with the front of the vehicle headed out of the driveway. Both were white males weighing in excess of 200 pounds, were dressed in khaki work-type clothes and caps, and had several days' growth of beard. Jackson parked at the garage door, leaving enough clearance for the driver of the other car, the deceased minor Robert Johnson,[1] to drive out of the driveway. He got out of his car, walked over to the driver's side of the other car, and, seeing that the garage door which he had left closed was now partially open, asked "What are you fellows doing here in my yard?" Robert Johnson replied, "We are hiding." Jackson thought Ray Johnson said at the same time, "We are waiting for somebody." Jackson asked Robert Johnson for some identification and Johnson took out his billfold. When Jackson asked Johnson to remove his driver's license Johnson threw the billfold down, swerved the car to the left, striking Jackson, and drove off "as fast as he could." Jackson testified that while off balance he drew his pistol from his holster and fired two shots, "attempting first to disable the vehicle by hitting the left rear tire; my second shot was fired to mark the vehicle in the event they were successful in escaping from my property," because he was unable to see the license tag. Robert Johnson was struck in the left rear side of the head by one of these bullets resulting in his death several hours later. Ray Johnson was arrested at gunpoint by Jackson and turned over to the sheriff. Subsequent investigation by the GBI showed that there had been an attempted burglary of the house. Marks on the back door matched a tire tool found in the trunk of the Johnson car and a single footprint in the condensation on the concrete floor of the garage was the same tread and size as the sole of the shoes worn by Robert Johnson. The jury returned a verdict in favor of Jackson.

1. In qualifying the panel of 24 prospective jurors the trial court asked if they were related to any of the attorneys, and there was no response. On voir dire

---

[1] His brother Ray Johnson was in the front passenger seat.

plaintiffs' counsel discovered that one prospective juror was the nephew of a defense attorney and another was his secretary. Error is enumerated on the court's refusal to strike these jurors.

The voir dire was not recorded and plaintiffs have not asserted that a challenge for favor was made or an examination of these jurors was conducted pursuant to Code Ann. § 59-705. In this regard see *Anthony v. State,* 112 Ga. App. 444 (1) (145 SE2d 657) (1965). Nor have they indicated whether the twelve strikes authorized by Code Ann. § 59-703 were exhausted. Nevertheless, we would agree that had this attorney been a party to the litigation or had a financial interest in its outcome, these jurors should have been disqualified. Code Ann. § 59-716; *Seaboard C. L. R. Co. v. Smith,* 131 Ga. App. 288, 290 (1(a)) (205 SE2d 888) (1974). However, he was retained only to assist counsel for the defendant in the selection of a jury and was not hired for a fee contingent on the outcome of the case. Accordingly, no error is shown. *Wilson v. Atlantic C. L. R. Co.,* 116 Ga. App. 193 (156 SE2d 463) (1967) and citations.

2. Enumerations of error 1, 3 and 4 relate to argument of counsel, testimony and photographs admitted over plaintiffs' objections that they alluded to circumstances unknown to the defendant until after the shooting of Robert Johnson. In effect, it is contended that the court erred in allowing the defendant in his opening argument to state what he intended to prove, i.e., that Jackson had reason to believe that the Johnson brothers were burglars; and then that it was error to permit him to introduce evidence to prove it because such evidence was irrelevant. We find no merit in these contentions.

The first enumerated error is groundless because "[c]ounsel for both parties in either a civil or a criminal case, preliminary to the introduction of evidence, may state to the jury what each expects to prove on the trial . . . [Cits.]" *Lewyn v. Morris,* 135 Ga. App. 289, 290 (217 SE2d 642) (1975). Nor do we agree that the testimony of five witnesses and the photographer, or the photographs of the footprint on the garage floor and the pry marks at the back door, should have been excluded from evidence simply because Jackson was unaware that they existed at the

time he fired the shots. It is clear that Jackson had some reason to believe, because of the location of the strange automobile and the open garage door, that he had interrupted a burglary, and he testified that he did believe the two men to be burglars.

"The object of all legal investigation is the discovery of truth. The rules of evidence are framed with a view to this prominent end, seeking always for pure sources and the highest evidence." Code § 38-101. Questions of the relevancy of evidence are for the court and no precise and universal test has been established. However, as stated in *McNabb v. State,* 70 Ga. App. 798, 799 (29 SE2d 643) (1944), "Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant." *Garner v. State,* 83 Ga. App. 178, 185 (3) (63 SE2d 225) (1950); *Glo-Ann Plastic Industries v. Peak Textiles,* 134 Ga. App. 924, 925 (1) (216 SE2d 715) (1975). Moreover, "When the relevance of evidence is in doubt, the Georgia rule favors its admission and submission to the jury with any needed instructions." *Patton v. Smith,* 119 Ga. App. 664 (1, 2) (168 SE2d 627) (1969). The evidence objected to here was properly admitted because it was relevant to establish whether the deceased was on Jackson's property as a mere trespasser or for the purpose of committing a felony, which was essential to a determination of liability.

3. Appellants insist that the trial court erred in refusing to direct a verdict as to Jackson's liability in their favor. Based upon this court's opinion in *Carlton v. Geer,* 138 Ga. App. 304 (226 SE2d 99) (1976) (application for certiorari abandoned), it is contended that the case should be remanded for a new trial on the issue of the amount of damages only. We do not agree. At issue here is the relation between landowner and burglar or felon, the owner's right and authority to arrest the felon and the allowable force in effectuation thereof, and the duty owed by a landowner to one who is there for the purpose of committing a felony—all of which is for the determination of a jury.

Criminal Code § 26-904 (b) provides: "The use of force which is intended or likely to cause death or great bodily

harm to prevent trespass on or other tortious or criminal interference with real property (other than a habitation) or personal property is not justified *unless the person using such force reasonably believes that it is necessary to prevent the commission of a forcible felony."* (Emphasis supplied.)

In the *Carlton* case it was undisputed that the defendant was not acting in defense of habitation or to prevent a forcible felony when he fired at the plaintiff's fleeing truck, and thus was not justified in using force likely to cause death or great bodily harm. *Carlton* is merely a reiteration of the duty owed by a landowner (or, as in that case, his agent) not to wilfully or intentionally injure a trespasser. See *McKinsey v. Wade,* 136 Ga. App. 109 (1) (220 SE2d 30) (1975) (cert. den. Feb. 2, 1976) and citations. Moreover, even assuming that the defendant in *Carlton* intended to prevent the commission of a crime, or that he was attempting to arrest the plaintiff for trespass to land or attempted deer poaching, it is unlawful to use deadly force to arrest, or to prevent the escape of, one who has committed a misdemeanor even though no other means were available. *Paramore v. State,* 161 Ga. 166 (2) (129 SE 772) (1925); *Copeland v. Dunehoo,* 36 Ga. App. 817, 822 (3) (138 SE 267) (1927).

Here, however, there was evidence that Jackson's home had been burglarized, or that a burglary had been attempted, by the Johnson brothers and we are not prepared to say that Jackson had no reasonable and probable grounds for suspicion. See *Addison v. State,* 127 Ga. App. 105 (3) (192 SE2d 556) (1972). Both burglary and attempted burglary are felonies in Georgia; Criminal Code §§ 26-1601, 26-1001, 26-1006. "Under the terms of the new statute on burglary it is not necessary that the defendant actually commit the theft—it is sufficient if he enters without authority and with the intent to commit a theft. . ." *Smith v. State,* 130 Ga. App. 390, 391 (2) (203 SE2d 375). While trying to identify the two strange men unlawfully on his property Jackson was violently assaulted when Johnson swerved his automobile to strike him, causing Jackson to fear for his life and also making it impossible for him to read or take down the license tag number of Johnson's car.

Jackson was off duty and not acting in an official capacity, but "[a] private person may arrest an offender, if the offense is committed in his presence or within his immediate knowledge; and if the offense is a felony and the offender is escaping, or attempting to escape, a private person may arrest him upon reasonable and probable grounds of suspicion." Code § 27-211. The phrases "in his presence" and "within his immediate knowledge" are synonymous and a crime is committed in one's presence if by the exercise of any of his senses he has knowledge of its commission. *Forehand v. State,* 130 Ga. App. 801, 802 (2) (204 SE2d 516) (1974) and cits.

It is not only the right but the duty of a private citizen when a felony is committed to apprehend the felon; "and, after a felony is committed, any private person may arrest the felon with the same view, upon reasonable and probable ground of suspicion of his guilt." *Long v. State,* 12 Ga. 293 (4) (1852). "A private man has quite as much power to arrest a fugitive felon, where the emergency calls for immediate action, as a public officer, and while so doing, is equally under the protection of the law." *Croom v. State,* 85 Ga. 718, 723 (1) (11 SE 1035) (1890); *Cobb v. Bailey,* 35 Ga. App. 302, 305 (2) (133 SE 42) (1926). "And he apparently has the right to arrest under certain circumstances in order to prevent a felony from being committed, which felony has not yet been attempted." *Savannah News-Press v. Harley,* 100 Ga. App. 387, 389 (3) (111 SE2d 259) (1959).

Jackson attempted to make a citizen's arrest based upon what he saw prior to the assault and flight of the deceased which resulted in the fatal shooting. What are reasonable and probable grounds for suspicion is for the determination of the jury (*Tomblin v. S. S. Kresge,* 132 Ga. App. 212, 217 (6) (207 SE2d 693) (1974)), as is whether the circumstantial evidence was sufficient to establish the commission of a burglary. *Brant v. State,* 132 Ga. App. 631 (2) (208 SE2d 636) (1974). The questions of whether the force used was reasonable or whether the killing was, under the circumstances, necessary, are likewise to be submitted to the jury. See 5 AmJur2d 773, Arrest, § 85; 6A CJS 115, Arrest, § 49b; Commonwealth v. Chermansky, 242 A2d 237, 32 ALR3d 1072 (Pa. 1968).

Over a century ago Chief Justice Lumpkin speaking for the Georgia Supreme Court stated the principle that "The [land] owner has the right to shoot a person who is a burglar, or a person whom, on sufficient grounds, he believes to be a burglar. . ." *McPherson v. State,* 22 Ga. 478, 479 (8) (1857). If the defendant believes the victim "to be a burglar and the circumstances were such, that they would have justified a reasonable man in entertaining such a belief, then the case, doubtless, [is] not materially different from what it would have been, if [the victim] had really been a burglar." Id. p. 489. This principle having been neither overruled nor disapproved in later cases, we must assume that it is still the law in this state.

Based upon the foregoing facts and law, the trial court correctly allowed the jury to determine the relation of the parties, whether Jackson was authorized to attempt to or assist in the arrest of the deceased and his brother, and whether the force used was necessary and the amount reasonable. It is apparent that these questions were decided in Jackson's favor by the jury and there is evidence to support its verdict. A directed verdict is proper only where the evidence introduced, with all reasonable deductions therefrom, demands a particular verdict. *Ford Motor Co. v. Lee,* 137 Ga. App. 486, 489 (7) (224 SE2d 168) (1976).

4. Those enumerations of error involving recovery for pain and suffering, loss of services and punitive damages are without merit since the verdict was returned in favor of the defendant. *Maloy v. Dixon,* 127 Ga. App. 151, 156 (193 SE2d 19) (1972) and cits. in footnote 2; *Pilkenton v. Eubanks,* 139 Ga. App. 673 (1976).

5. The remaining enumerations are addressed to certain of Jackson's requested charges.

(a) The court charged that one who knowingly and voluntarily takes a risk of physical injury, the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care and diligence for his own safety, can not hold another liable for damages for the hurt thus occasioned, although the same may in part be attributable to the latter's negligence. See *Southland Butane Gas Co. v. Blackwell,* 211 Ga. 665, 668 (88 SE2d 6) (1955); *Shuman v. Mashburn,* 137 Ga. App.

231, 236 (4) (223 SE2d 268) (1976). It also charged that one who voluntarily attempts a rash, imprudent and dangerous undertaking is to be presumed to assume the risk incidental thereto and can not thereafter complain if he is injured. See *Horne v. Neill,* 70 Ga. App. 602, 608 (29 SE2d 275) (1944).

In our view these charges were properly adjusted to the evidence, from which the jury determined that the deceased entered Jackson's property for the purpose of committing a burglary. One who goes on the property of another with the intent of committing an imprudent and felonious act must assume the risk of the consequences, for, as stated by Judge Evans, "of course, one who violates the law must anticipate that all others may violate the law. [Cits.]" *Hutchinson v. Tillman,* 133 Ga. App. 660, 661 (211 SE2d 912) (1975). Clearly Johnson failed to exercise the necessary ordinary care to avoid the consequences to himself caused by any negligence of the defendant which would entitle his parents to recover. Code § 105-603; *Powell v. Barker,* 96 Ga. App. 592, 600 (3(b)) (101 SE2d 113) (1957).

(b) Plaintiffs' contention that the court erred in failing to instruct the jury as to the doctrine of last clear chance when their objections were overruled to the foregoing two charges cannot be sustained since their request was not made in writing. Code Ann. § 70-207 (b).

(c) The court did not err in charging the jury that the duty of care owed to trespassers by landowners is to refrain from wilful and wanton acts of negligence, and in refusing to charge that an owner owes a trespasser ordinary care, once he has discovered his presence, to prevent any injury to him.

The case cited in support of this argument, *Southern R. Co. v. Chatman,* 124 Ga. 1026 (5) (53 SE 692) (1905), provides that in some circumstances railroads must "anticipate" the presence of trespassers on their tracks. Here Jackson was not engaging in any dangerous act which would require him to exercise ordinary care to prevent an injury to a trespasser. Whatever dangerous situation existed was created by the deceased when he entered on Jackson's premises to burglarize his home.

(d) The court's charge from Code § 27-211 on arrest

by a private person was proper, full and adjusted to the evidence, as set forth in Division 3, supra. In this regard, the charge on the defense of justification was also in order because "In every case of tort, if the defendant was authorized by law to do the act complained of, he may plead the same as a justification . . ." Code § 105-1801. In the event the jury did not believe that Jackson's acts were justified, he requested and the court correctly charged on the theory of extenuation and mitigation of damages. Code § 105-1802; *Shepard v. Morrison,* 121 Ga. App. 762 (2, 3) (175 SE2d 407) (1970); *Davis v. Davis,* 144 Ga. 62, 63 (3) (86 SE 248) (1915).

(e) Plaintiffs assert that the court erred in giving Jackson's requested charge on accident, said charge being "absurd" and prejudicial. The court instructed the jury that "an accident as applied to negligence cases, refers to an event which is not proximately caused by negligence but instead arises from an unforeseen or unexplained cause. It is also used to indicate a happening which, although not wholly free from negligence by some person, was not proximately caused by a failure of either of the parties to a case to use ordinary care." This charge, quoting in substance from *Baggett v. Jackson,* 79 Ga. App. 460 (1) (54 SE2d 146) (1949), is a valid statement of the law; and we conclude that here, as in that case, "it would not appear that the charge was confusing or misleading, or in any way harmful to the plaintiff[s], irrespective of whether or not it was adjusted to the pleadings and evidence. [Cits.]" Id. p. 464. See *Guthrie v. Boose,* 134 Ga. App. 282, 285 (4) (213 SE2d 924) (1975).

(f) In view of our holdings in Divisions 2 and 3, supra, there is no merit to plaintiffs' arguments in regard to the court's charge that burglary is a felony.

We find no error for any reason assigned.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 13, 1976 — DECIDED OCTOBER 14, 1976 — REHEARING DENIED OCTOBER 29, 1976.

*E. Lynn Mitchell, Leroy Langston,* for appellants.

*Greer & Klosik, Richard G. Greer, J. Roger Thompson, Sanders, Mottola, Haugen, Wood & Goodson,* for appellee.