73064. JET AIR, INC. v. MANAGEMENT/USA, INC.
(350 SE2d 40)

SOGNIER, Judge.

Jet Air, Inc. appeals in this dispossessory action from the order of the trial court denying its motion for a directed verdict and granting a writ of possession to Management/USA, Inc.

The premises occupied by appellant had been leased through September 30, 1985, to Planes, Inc., which filed for bankruptcy sometime in the autumn of 1985. A notice to vacate, addressed to Planes, Inc. and Larry Block, an officer in the bankrupt corporation and president of appellant, was hand delivered by appellee's agent at the beginning of November 1985. At the time of the delivery, appellee was orally notified that appellant would be occupying the premises after Planes, Inc.'s bankruptcy proceedings. Appellant came into possession of the premises in late November or early December 1985. Appellee's agent testified at the hearing that other than the notice to vacate addressed to Planes, Inc., no demand for possession was made upon appellant other than the filing of the dispossessory writ on January 30, 1986. A check in the amount of $1,128.75, dated January 10, 1986, from appellant to appellee for January rent, was deposited by appellee on January 20, 1986.

Appellant contends the trial court erred by denying its motion for a directed verdict made on the basis that, at the close of appellee's evidence, it was uncontroverted that no demand for possession of the premises had been made upon appellant pursuant to OCGA § 44-7-50. In every case, a timely demand upon the tenant to deliver possession to his landlord is a condition precedent to the right of the landlord to dispossess the tenant. *Ranger v. First Family Mtg. Corp.*, 176 Ga. App. 715, 716 (2) (337 SE2d 388) (1985); see also *Metro Mgt. Co. v. Parker*, 247 Ga. 625, 630 (278 SE2d 643) (1981). The trial court determined that proper demand had been made on appellant, a tenant at will of appellee's, in that the affidavit instituting the proceedings against appellant contained the allegation that appellee demanded possession of the premises and no denial was made as to this issue in appellant's answer. Although the absence of a denial in appellant's answer of appellee's allegation in its affidavit that demand for possession had been made upon appellant raised a presumption of law that demand was made and, therefore, proof of demand was not required, see *Johnson v. Freedman*, 128 Ga. App. 480, 482 (197 SE2d 400) (1973), the presumption that demand was made can be rebutted by direct and positive testimony on trial. See *Ginn v. Johnson*, 74 Ga. App. 35, 38 (38 SE2d 753) (1946). The testimony of appellee's agent established without any evidence to the contrary that the only demand for possession of the premises had been made on the previous tenant, not on appellant. Thus, the presumption raised by the affidavit was rebutted by direct and positive evidence. Further, the evidence establishing that no demand for possession had been made as to appellant was admitted at the hearing without objection or other claim of prejudice. In the absence of any objection, pleadings can be amended to cause them to conform to evidence admitted at trial concerning issues tried by the express or implied consent of the parties.

See *Lunsford Co. v. Klingenberg*, 138 Ga. App. 791, 792-793 (2-3) (227 SE2d 507) (1976).

Thus, it appears that uncontroverted evidence negating an essential element of appellee's case was introduced during appellee's case-in-chief. A directed verdict in appellant's favor was thereby demanded and the trial court erred by denying appellant's motion. OCGA § 9-11-50 (a); see generally *Federal Ins. Co. v. Paulk*, 173 Ga. App. 266, 268 (325 SE2d 886) (1985). It follows that the trial court erred by granting a writ of possession to appellee. See generally *Whipper v. Kirk*, 156 Ga. App. 218, 221 (1) (274 SE2d 662) (1980).

*Judgment reversed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 22, 1986.

*Robert M. Goldberg*, for appellant.
*Phillip L. Bobbitt*, for appellee.