## 73289. TERRELL v. HESTER et al.
### (355 SE2d 97)

BEASLEY, Judge.

Plaintiff appeals from a verdict against him on both a claim and a counterclaim. He had sued defendants, father and son, for battery arising from an altercation. OCGA § 51-1-13. The Hesters counterclaimed based on a letter sent to them by plaintiff concerning their daughter and sister.

1. Plaintiff claims error in the trial court's refusal to direct a verdict concerning the counterclaim for failure to state a legal cause of action. A review of the transcript and record reveals that no motion for directed verdict was made by plaintiff concerning the counterclaim. There is therefore no ruling in this regard to review. *Sun v. Bush*, 179 Ga. App. 80, 81 (4) (345 SE2d 85) (1986); *Omni Express v. Cleveland Express*, 178 Ga. App. 42, 44 (3) (341 SE2d 911) (1986); *Fidelity & Cas. Ins. Co. v. Massey*, 162 Ga. App. 249, 250 (1) (291 SE2d 97) (1982). We turn, then, to the errors related to the claim.

2. The fourth enumeration challenges, as had been objected to, the trial court's charge on "ordinary care" regarding plaintiff's actions. Defendants requested the court to charge on assumption of risk and submitted a charge based on *Roberts v. King*, 102 Ga. App. 518, 520 (1) (116 SE2d 885) (1960), which relies on what is now OCGA § 51-11-2. Instead, the court charged the pattern jury instruction on duty to exercise ordinary care, based on *Southland Butane Gas Co. v. Blackwell*, 211 Ga. 665, 667 (88 SE2d 6) (1955) and what is now OCGA § 51-11-7, the Georgia comparative negligence statute.

The evidence showed that Hester, Sr. struck and severely injured plaintiff's hand while plaintiff was being held against his own vehicle by Hester, Jr. Hester, Sr. testified that he hit the plaintiff with his shotgun because he refused to leave the premises of Hester's daughter which the daughter owned. Hester, Sr. further stated that plaintiff had neither threatened the daughter nor made any effort to enter her house. Both Hesters had come to the daughter's house, unannounced and uninvited, because they were concerned and the elder Hester disapproved of the relationship between the daughter and plaintiff. Prior to striking plaintiff there had been a scuffle between the Hesters and plaintiff in the yard, but Hester, Sr. stated that the scuffle was over and his hitting plaintiff was not because plaintiff had threatened or attempted to strike him. Hester, Sr. also admitted that his daughter had not asked him to eject plaintiff, who had been given a key to the house by the daughter and had unlimited access to it prior to this incident.

The tort alleged by plaintiff was an intentional one to which OCGA § 51-11-7 and the charge given were not appropriate. See *McKinsey v. Wade*, 136 Ga. App. 109, 111 (7) (220 SE2d 30) (1975).

The judgment for defendants on the claim must be reversed and plaintiff should be afforded a new trial on it. But only one defendant's liability will be left to determine, as next explained.

3. At the close of the defendants' evidence, plaintiff moved for a directed verdict as to liability of both defendants. It is an entitlement only when the evidence, together with all the reasonable inferences and deductions, demands it. OCGA § 9-11-50 (a).

The physical contact which was sued for was acknowledged by Hester, Sr. He explained: "Bubba [Hester, Jr.] grabbed [plaintiff] about the same time and Bubba took the gun away from both of us and handed it back to me. Then [Hester, Jr.] tried to get [plaintiff] in the [plaintiff's] truck and [plaintiff] refused to go. He finally worked [plaintiff] over to the truck, and [plaintiff] was standing with the door open, with his back to the seat. We tried to get him to set [sic] down and he wouldn't do it. *That's when I hit him with the gun . . .* that is when I struck at his hand to make him get back in the truck to go and get out of the way." (Emphasis supplied.)

Hester, Sr. apparently defended at trial on some notion of justification. It is not made clear by his pleadings or the pretrial order or the record of the trial. The motion for directed verdict does not elucidate it, and the opening statement and closing arguments were not transcribed.

In his brief on appeal, he relies on OCGA § 16-3-23 as supporting the trial court's denial of the motion. That statute permits defense of habitation as a defense to a criminal charge and is now, since the trial here, expressly available by statute as a defense to a tort action. OCGA § 51-11-9, effective July 1, 1986. Ga. L. 1986, p. 515.

However, that defense would not be available under even the defendants' version of the circumstances, as there was no evidence whatsoever that plaintiff was attempting to enter or attack the daughter's habitation when he was struck. See *Howard v. State*, 162 Ga. App. 218, 219 (3) (290 SE2d 202) (1982), which shows that OCGA § 16-3-23 is limited to habitation itself. Appellees cite no authority for the proposition that OCGA § 16-3-23 embraces the curtilage, which would be covered by OCGA § 16-3-24. That section was applied in *Johnson v. Jackson*, 140 Ga. App. 252, 255 (3) (230 SE2d 756) (1976), where a homeowner, when he caught two persons unauthorized in his yard, shot at them as they were attempting to flee.

Since defendants did not raise OCGA § 16-3-24, we will not decide its applicability. We note, however, that even if plaintiff were regarded as a trespasser,[1] a disputed fact about which there was evidence, *Johnson* points out that: "*Carlton [v. Geer*, 138 Ga. App. 304

---

[1] Criminal trespass is a misdemeanor. OCGA § 16-7-21.

(226 SE2d 99) (1976)] is merely a reiteration of the duty owed by a landowner (or, as in that case, his agent) not to wilfully or intentionally injure a trespasser. See *McKinsey v. Wade*, 136 Ga. App. 109 (1) (220 SE2d 30) (1975) . . . and citations." Id. at 256.

There being no conflict in the evidence as to any material issue as to Hester, Sr.'s liability and no asserted legal justification for his infliction of injury, the trial court erred in not directing a verdict as to his liability. *Jet Air v. Mgt./USA*, 180 Ga. App. 648, 650 (350 SE2d 40) (1986).

There was a factual issue concerning Hester, Jr.'s knowledge of his father's intentions, however, and his participation in any activity except attempting to separate the two men. Therefore, his liability was a question for the jury.

In sum, the judgment against plaintiff on the counterclaim stands, the liability of Hester, Sr. on the claim is established as a matter of law, with damages to be determined, and the liability and damages as against Hester, Jr. must be determined.

4. The rulings in Divisions 2 and 3 render it unnecessary to address plaintiff's remaining enumeration.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Benham, J., concur.*

DECIDED MARCH 13, 1987.

*Thomas L. Lehman*, for appellant.
*James M. Pace, Jr.*, for appellees.